UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAPOLEON ANDREWS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PRIDE INDUSTRIES, JEAN ZURBUCHEN, CHRISTIE PYLE, MIKE BUCHANAN, as individuals and Does 1–10, Inclusive,<br><br>　　　　Defendants. | No. 2:14-cv-02154-KJM-AC<br><br><br>ORDER |

On November 21, 2014, the court heard argument on the motion to dismiss by defendant Pride Industries (defendant or Pride). Andrea Rosa appeared for plaintiff; Melissa Whitehead and David Daniels appeared for defendant. After considering the parties' briefing and arguments, the court DENIES defendant's motion. As set forth more fully below, the court GRANTS plaintiff's requests for limited jurisdictional discovery and for leave to amend his complaint.

I. BACKGROUND

This action was originally commenced in Solano County Superior Court. (Def.'s Notice of Removal ¶ 2, ECF No. 2.) Plaintiff Napoleon Andrews filed his first amended complaint on or about August 5, 2014. (Def.'s Notice of Removal, First Amended Compl., Ex. A, ECF No. 3 (FAC).) Plaintiff makes the following claims: (1) wrongful termination in

1

1  violation of public policy under California Labor Code sections 1102.5 and 132a, and California
2  Government Code section 12940 (FEHA); (2) race discrimination (failure to promote) under
3  FEHA; (3) disability discrimination and failure to accommodate under FEHA; (4) failure to
4  engage in the interactive process under FEHA sections 12940(n), *et seq.*; (5) failure to prevent
5  discrimination under FEHA; and (6) hostile work environment under FEHA.  (*Id.*)

6        On September 16, 2014, defendant removed the action to this court, alleging
7  original jurisdiction under 28 U.S.C. § 1331 on the basis of federal enclave jurisdiction.  (ECF
8  No. 2.)  On September 23, 2014, defendant filed this motion to dismiss.[1]  (Mot., ECF No. 6.)
9  Defendant contends all six of plaintiff's claims are barred by the federal enclave doctrine.  (*Id.*)
10 Defendant also filed a request for judicial notice.  (ECF No. 7.)

11       On November 6, 2014, plaintiff filed his opposition to the motion.  (Opp'n, ECF
12 No. 12.)  Plaintiff contends there is a significant question as to whether Travis Air Force Base
13 (Travis), the general location of events relevant here, is a federal enclave in its entirety; plaintiff
14 says the parties should be permitted to conduct discovery and develop a full record clarifying the
15 question.  (*Id.* at 2–4.)  Plaintiff also contends if the employment decisions on which plaintiff's
16 claims are based arose outside the area designated as Travis, this court lacks subject matter
17 jurisdiction.  (*Id.* at 9–12.)  Defendant replied on November 14, 2014.  (Reply, ECF No. 13.[2])

---

[1] This court's standing order requires counsel to engage in a meet and confer before filing any motion.  (ECF No. 4-1.)  Defendant contends incorrectly that a letter its counsel sent advising plaintiff's counsel it would be filing a motion to dismiss fulfills its meet and confer responsibilities.  (Decl. of Melissa Whitehead ¶ 3 & Ex. B, ECF Nos. 6 & 6-2.)  The court's order expressly requires counsel, among other things, "to discuss thoroughly the substance of the contemplated motion and any potential resolution."  (ECF No. 4-1.)  A letter informing opposing counsel a motion will be filed is not the type of thorough discussion contemplated by the court's order.  Defendant is advised future violations of the court's standing orders may result in the issuance of an order to show cause why sanctions should not be imposed.

[2] In support of his argument, plaintiff submits the declaration of James Frey, a retired annuitant working for the California State Lands Commission in the position of Senior Attorney.  (Decl. of James Frey at 1, ECF No. 12-1.)  Mr. Frey avers the United State has partial legislative jurisdiction over all lands at Travis Air Force Base acquired before May 23, 1945 excepting those lands within Easement No. DACA05-2-69-175.  "As to those lands acquired after that date and with reference to those lands within [the easement], I believe the United States has proprietorial jurisdiction."  (*Id.* ¶ 10.)  Proprietorial jurisdiction is applied when the federal government has acquired some degree of right or title to an area in a State, but has not obtained any measure of the state's authority over the area.  *Prof'l Helicopter Pilots Ass'n v. Lear Siegler Servs.*, 326 F.

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff is an African American male suffering physical and mental disabilities who was employed by defendant "as a Grounds Maintenance Lead" beginning on March 26, 2009. (FAC ¶¶ 3, 4.) Defendant Pride is a California non-profit corporation with headquarters "at 10030 Foothills Boulevard, Roseville, California 95747." (*Id.* ¶ 11.) Defendants Jean Zurbuchen, Mike Buchanan, and Christie Pyle were employed by Pride and supervised plaintiff. (*Id.* ¶¶ 12, 13, 14.)

Plaintiff was responsible for "leading a crew of disabled employees in herbicide and pesticide application on the grounds of Travis." (*Id.* ¶ 4.) Under Zurbuchen's management, plaintiff experienced "ongoing racial harassment in bullying, intimidation, threats and differential treatment because of his race." (*Id.* ¶ 26.) Zurbuchen "used profanity and racially charged words when speaking to [p]laintiff and would refer to racial stereotypes about African Americans when speaking to and of plaintiff." (*Id.* ¶ 27.) Zurbuchen "used the 'N' word in a discussion she held with [p]laintiff." (*Id.* ¶ 28.) Plaintiff was "written up because he was not pushing his crew members to do more" and complained to Zurbuchen and other members in management about treatment of his disabled crew members. (*Id.* ¶ 31.) Zurbuchen "perceived and referred to [p]laintiff himself as disabled," and said to him once, "I hear from a lot of people that you are 'slow'; are you 'slow'?" (*Id.* ¶ 32.)

On February 16, 2012, after spraying chemicals, plaintiff "was interrogated by Andre Anthony from [h]uman [r]esources" while he was "suited in a zippered air tight spray suit with safety eye wear and latex rubber gloves." Plaintiff had previously informed defendant he was allergic to latex. (*Id*. ¶¶ 37–40, 74.) Although plaintiff "experienced symptoms related to chemical exposure" and informed Anthony and also Zurbuchen, Pyle and Buchanan of his symptoms, defendants "displayed a complete disregard for [his] safety" and "ignor[ed] his request to remove the equipment and chemical backpack." (*Id.* ¶ 74.)

---

Supp. 2d 1305, 1310–11 (D. Ala. 2004). Defendant filed an objection to Frey's declaration, contending it is inadmissible expert opinion. (ECF No. 13-1.) Because the court does not rely on the Frey Declaration, the court does not rule at this time on the objection filed by defendant.

1  Plaintiff filed grievances and complaints about his treatment with defendant's
2 human resources office, as well as his union.  (*Id.* ¶¶ 33, 36, 44, 46, 48, 56.)  Zurbuchen and Pyle
3 "informed [p]laintiff and other employees that if they complained, they would be sent home."
4 (*Id.* ¶ 35.)  On April 30, 2012, "[p]laintiff was informed that he would not be a grounds leader
5 any longer."  (*Id.* ¶ 51.)  Plaintiff was placed on medical leave due to stress on May 7, 2012; the
6 leave was extended to August 4, 2012, and was extended again to November 16, 2012.  (*Id.* ¶¶ 58,
7 60–61, 68.)  While on leave, plaintiff filed complaints and grievances against defendant with
8 multiple agencies.  (*Id.* ¶¶ 62–66.)  Plaintiff was terminated effective December 7, 2012.  (*Id.*
9 ¶ 71.)  On June 25, 2012, plaintiff filed a complaint against defendant with California's
10 Department of Fair Employment and Housing (DFEH).  (*Id.* ¶ 7.)  On April 22, 2013, the DFEH
11 issued plaintiff a right to sue letter.  (*Id.* ¶ 8.)

12 III.  STANDARD

13  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to
14 dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may
15 dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged
16 under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
17 1990).

18  Although a complaint need contain only "a short and plain statement of the claim
19 showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion
20 to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a
21 claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting
22 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something
23 more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and
24 conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id.* (quoting
25 *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss
26 for failure to state a claim is a "context-specific task that requires the reviewing court to draw on
27 its judicial experience and common sense."  *Id.* at 679.  Ultimately, the inquiry focuses on the
28 interplay between the factual allegations of the complaint and the dispositive issues of law in the

4

1  action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

2  In making this context-specific evaluation, this court must construe the complaint
3  in the light most favorable to the plaintiff and accept as true the factual allegations of the
4  complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).  This rule does not apply to "'a legal
5  conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted
6  in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to
7  judicial notice" or to material attached to or incorporated by reference into the complaint.
8  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).  A court's
9  consideration of documents attached to a complaint or incorporated by reference or matter of
10 judicial notice will not convert a motion to dismiss into a motion for summary judgment.
11 *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*,
12 51 F.3d 1480, 1484 (9th Cir. 1995); compare *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d
13 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to
14 dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

15 IV.  ANALYSIS

16     A.  Jurisdiction

17 As noted, defendant contends this court has jurisdiction under 28 U.S.C. § 1331
18 because plaintiff's claims arose on Travis Air Force Base, a federal enclave. (Def.'s Notice of
19 Removal at 2, ECF No. 2.)

20 The Ninth Circuit strictly construes the removal statute against removal
21 jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be
22 rejected if there is any doubt as to the right of removal in the first instance."  *Id.* (citation
23 omitted).  As a result, "the court resolves all ambiguity in favor of remand to state court."
24 *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  The defendant bears the
25 burden of establishing removal is proper.  *Gaus*, 980 F.2d at 566 (citing *McNutt v. Gen. Motors*
26 *Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

27 To determine whether federal question jurisdiction exists, the court looks to the
28 face of plaintiff's complaint.  *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000)

1  ("[t]he presence or absence of federal question jurisdiction is governed by the 'well-pleaded
2  complaint rule'"). Generally, "a case may not be removed on the basis of a federal defense . . .
3  even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that
4  the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386,
5  392 (1987). "[T]he plaintiff is the 'master' of her case, and if she can maintain her claims on both
6  state and federal grounds, she may ignore the federal question, assert only state claims, and defeat
7  removal." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). However, the plaintiff "may
8  not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are
9  essential to the establishment of [her] claim." *Lippitt v. Raymond James Fin. Servs., Inc.*,
10  340 F.3d 1033, 1041 (9th Cir. 2003).

11  "If at any time before final judgment it appears that the district court lacks subject
12  matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A district court has "a
13  duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the
14  parties raise[] the issue or not." *United Investors Life Ins. Co. v. Waddell & Ree, Inc.*, 360 F.3d
15  960, 967 (9th Cir. 2004).

16  Federal enclave jurisdiction is part of a court's federal question jurisdiction under
17  28 U.S.C. § 1331. *See Willis v. Craig*, 555 F.2d 724, 726 n.4 (9th Cir. 1977) (per curiam).
18  Federal courts have concurrent original jurisdiction over tort claims that arise on federal enclaves.
19  *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006); *Willis*, 555 F.2d at
20  726 n.4 (expressing "no quarrel with the propriety of enclave jurisdiction . . . (if the facts support
21  it), even though the state courts may have concurrent jurisdiction").

22  Defendant asks the court to take judicial notice that Travis Air Force Base is a
23  federal enclave, claiming this status is "generally known" within the court's jurisdiction, as
24  supported by the judicial affirmation of Travis's federal enclave status in *Paul v. United States*,
25  371 U.S. 245 (1963). (Def.'s Req. for Judicial Notice, ECF No. 7.) Plaintiff agrees Travis is a
26  federal enclave but contends defendant has not provided the court with complete information
27  regarding its status. (Opp'n at 3). Specifically, plaintiff claims not all of the units of land
28  relevant to this action are part of the federal enclave; he offers declarations in support of his

6

argument. (*Id.*; Decls. of James Frey[3] & Andrea Rosa, ECF Nos. 12-1, 12-2.)

In *Paul*, the United States sued the State of California, alleging the state's price regulation of milk on Travis Air Force Base was barred by the Constitution because Travis was a federal enclave subject to the exclusive jurisdiction of the United States. 371 U.S. at 248. The Supreme Court found Travis and two other bases were federal enclaves. *Id.* at 263–64. But the Court also observed "[e]ach of the three enclaves has numerous units acquired at various times, some of which may be subject to 'exclusive' federal jurisdiction and some of which may not be." *Id.* at 269. As a result, the Supreme Court remanded the case to the district court to determine if some of the land on which the milk was sold was land over which the United States did not have exclusive jurisdiction. *Id.* at 269–70. The Court directed the district court "make particularized findings as to where the purchases and sales of milk . . . [were] made and whether or not those tracts are areas over which the United States has 'exclusive' jurisdiction within the meaning of Art. I, § 8, cl. 17 of the Constitution." *Id.* (emphasis omitted).

The court accepts that the land designated officially as Travis Air Force Base qualifies for federal enclave status. However, as discussed below, the court notes this assumption does not resolve the matter before it. While some tracts of land at or around Travis "may be subject to 'exclusive' federal jurisdiction," some may not be. *Id.* at 269. In particular, plaintiff argues "later acquired units at Travis such as the David Grant Medical Center [at issue here] are not subject to federal laws." (Opp'n at 4). Plaintiff requests "the opportunity to engage in discovery regarding the facts underlying defendant's jurisdictional defenses." (*Id*. at 2.)

A district court has broad discretion to permit or deny discovery to establish subject matter jurisdiction. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003); *see also Wells Fargo & Co. v. Wells Fargo Express Co*., 556 F.2d 406, 430 n.24 (9th Cir. 1977). Such discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498 v. SDC Inv., Inc*., 788 F.2d 535, 540 (9th Cir. 1986) (quoting

---

[3] *See* note 2 above.

1  *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)).  The
2  court must weigh the prejudice to the complaining party if discovery is denied.  *See Laub*,
3  342 F.3d at 1093.  "Prejudice is established if there is a reasonable probability that the outcome
4  would have been different had discovery been allowed." *Id.* (internal citations omitted).

5  Here, pertinent facts bearing on the question of jurisdiction are controverted.
6  Plaintiff disputes Travis's status as a federal enclave, claiming not all of the units of land at
7  Travis are part of the enclave.   On the record before it, the court lacks sufficient facts to
8  determine whether the events underlying this action occurred on federal enclave land so as to
9  support the exercise of jurisdiction.  Nothing in the record indicates where precisely the events
10 underlying this action occurred or whether that land is enclave land.  Adopting the same approach
11 as the Supreme Court did in *Paul*, the Ninth Circuit in *Willis v. Craig*, 555 F.2d 724, 726 (9th Cir.
12 1977), remanded the action to the district court to make a finding as to whether enclave
13 jurisdiction was proper where there were "unresolved and disputed facts" surrounding the
14 question.  The court found the parties "could provide conclusive facts to aid the district court in
15 making" the determination whether plaintiff's accident "occurred on [enclave property], or it
16 occurred on other property."  *Id.; cf. Zuniga v. Chugach Maint. Servs.*, No. 060048, 2006 WL
17 769317, at *6 (E.D. Cal. Mar. 24, 2006) (declining to determine Edwards Air Force Base was a
18 federal enclave where neither the complaint nor the facts of which the court took judicial notice
19 indicated where the events underlying the action occurred).

20 *Paul* and *Willis* are instructive here.  The jurisdictional question is central to this
21 action.  If the events occurred on federal enclave land, plaintiff's claims are barred by the federal
22 enclave doctrine.  If the events occurred on non-enclave land, and the complaint remains as
23 initially pled, this court will lack subject matter jurisdiction and the action will be remanded to
24 state court.

25 The court concludes defendant has not met its burden of establishing the events
26 underlying this case occurred on federal enclave land.  *See Gaus*, 980 F.2d at 566.  Defendant's
27 motion to dismiss is DENIED without prejudice.  The court GRANTS plaintiff's request for
28 jurisdictional discovery limited to determining where exactly at or around Travis the events

1  underlying this action occurred and whether those locations are areas over which the United
2  States has exclusive jurisdiction.

### C. Leave to Amend

Plaintiff seeks leave to amend his complaint to include claims under federal law, including "Title VII of the Civil Rights Act of 1964, the Office of Federal Contract Compliance Programs, the Americans with Disabilities Act, and others." (Opp'n at 12.) Defendant contends leave to amend should not be granted because amendment would be futile. Defendant asserts the statute of limitations has expired on plaintiff's federal employment claims under Title VII because plaintiff received his right to sue letter from the DFEH on April 22, 2013, but did not file a lawsuit under Title VII within 90 days. (Reply at 9; FAC ¶ 8.)

Rule 15(a) of the Federal Rules of Civil Procedure provides "[t]he court should freely give leave when justice so requires." However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.3d 1149, 1160 (9th Cir. 1989). Although defendant contends leave to amend would be futile as to plaintiff's employment claims under Title VII, defendant makes no such argument with respect to plaintiff's other possible federal claims. Based on the record before, the court agrees plaintiff's Title VII claim is time-barred because plaintiff did not file his Title VII claim within 90 days of his right-to-sue letter; amendment to include this claim would be futile. *See* 42 U.S.C. § 2000e–5(f)(1). Plaintiff does not provide reasons for equitable tolling of this requirement, and even if the claim related back to the original complaint filed on February 4, 2014 under Federal Rule of Civil Procedure 15(c), the Title VII claims would still be untimely. The limited jurisdictional discovery the court allows, however, may provide a basis for amendment of the complaint.

Plaintiff is GRANTED leave to amend following jurisdictional discovery, except as to his potential plaintiff's Title VII claims, which are time-barred. Upon the filing of an amended complaint, defendant may renew its motion to dismiss without rebriefing, by filing a simple notice of renewal, or by filing an amended motion.

V. <u>CONCLUSION</u>

Defendant's motion to dismiss is DENIED without prejudice. Plaintiff's request for jurisdictional discovery is GRANTED as set forth above. Jurisdictional discovery shall be completed by May 1, 2015. "Completed" means not only that discovery itself is concluded, but that any discovery disputes are fully resolved. Plaintiff may seek leave to amend his complaint following the completion of jurisdictional discovery, with any motion seeking leave filed by May 15, 2015.

IT IS SO ORDERED.

DATED: March 5, 2015.

_____
UNITED STATES DISTRICT JUDGE