**THE ROSA LAW GROUP**
Andrea Rosa, SBN: 122658
9290 W. Stockton Blvd. Suite 107
Elk Grove, CA 95758
Telephone:   (916) 647-9425
Facsimile:   (916) 667-9558
andrea.rosa@therosalawgroup.com

Attorney for Plaintiff
NAPOLEON ANDREWS

**GILBERT, KELLY, CROWLEY & JENNETT LLP**
DAVID M. DANIELS / Bar No. 170315
ddaniels@gilbertkelly.com
1013 Galleria Boulevard, Suite 205
Roseville, California  95678-1363
(916) 472-3300; FAX: (916) 472-3329

Attorneys for Defendant
PRIDE INDUSTRIES

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAPOLEON ANDREWS,<br><br>　　　　Plaintiff,<br>vs.<br><br>PRIDE INDUSTRIES, JEAN ZURBUCHEN, as individuals and Does 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 2014-CV-02154-KJM-AC<br><br>Assigned to Hon. Kimberly J. Mueller<br>Courtroom:  3<br><br>**JOINT PRETRIAL STATUS REPORT**<br><br>Trial Date:  None Set |

Pursuant to Federal Rule of Civil Procedure 26(f) and order of the Court, a telephonic meeting was held on February 22, 2015 between Andrea Rosa, counsel for Plaintiff, and David M. Daniels, counsel for Defendant, to discuss a proposed discovery plan and the contents for a joint status report. Counsel held further telephonic meetings on March 6th and 12th and 9th, 2015 to further discuss the

proposed discovery plan and joint status report after receiving the Court' ruling on Defendant's motion to dismiss. Parties also met and conferred on June 16, 2015 and July 23, 2015. Pursuant to those discussions, counsels jointly submit the following proposed joint status report and discovery plan:

(a) <u>Brief Summary of the Claims and Legal Theories</u>

Plaintiff is an African American male employed in 2009 by PRIDE INDUSTRIES, INC. ("PRIDE") as a Grounds Maintenance Lead. He worked for PRIDE at Travis Air Force Base where he led disabled employees in herbicide and pesticide application. In his complaint, Plaintiff alleges he was discriminated and harassed by members of PRIDE's management team and while on disability and workers compensation leave was terminated on or about November 19, 2012.

Plaintiff filed a workers compensation claim for injuries sustained in the workplace which was initially denied. He subsequently appealed the denial to the Workers' Compensation Appeals Board. He also filed a Labor Code Section 132a claim for discrimination.

After the Department of Fair Employment and Housing investigated his complaint and issued him a Right to Sue letter, Plaintiff filed his lawsuit in state court for wrongful termination in violation of public policy, race and disability discrimination; racial harassment, failure to engage in the interactive process; and failure to prevent discrimination and harassment in violation of the California Fair Employment and Housing Act in Contra Costa County Superior Court.

Defendants generally deny all of Plaintiff's causes of action and alleges that Plaintiff, was an at- will employee, was terminated for cause, including but limited to job abandonment.

Defendant, PRIDE INDUSTRIES, INC., removed this matter to Federal Court pursuant to enclave jurisdiction on September 16, 2014. Defendants moved to dismiss this action pursuant to Federal Code of Civil Section 12(b)(6) on September

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3563962.1  07181-00002

23, 2014. The motion was fully briefed and the parties argued the 12(b)(6) motion on November 21, 2014.

(b) On March 6, 2015, the court denied Defendants' motion to dismiss without prejudice and granted Plaintiff request for limited jurisdictional discovery and leave to amend.

(c) Parties agreed and stipulated that Plaintiff would file a Second Amended Complaint to include federal causes of action in addition to those causes already pled. Plaintiff filed his Second Amended Complaint on June 15, 2015.

(d) Defendant PRIDE will not oppose the filing of the amended complaint and will withdraw its 12(b)(6) motion to dismiss based on federal enclave jurisdiction. Defendant PRIDE, however, is not waiving its right to file a dispositive motion based on other grounds should discovery of other facts warrant and support such motion.

(e) PRIDE will respond to the complaint by way of answer or other responsive pleading (such as a motion to dismiss on other grounds should there be valid grounds) after reviewing the amended complaint.

(f) <u>Status of Service</u>

Defendant employer PRIDE INDUSTRIES, INC. was served with process. The individual defendants are represented by counsel but because of a misunderstanding between counsels service of process on them has not been completed. Parties agree that Plaintiff will complete service of process on individual defendant JEAN ZURBUCHEN by July 31, 2015, without objection from Defendant PRIDE INDUSTRIES, INC.

(g) <u>Possible Joinder of Additional Parties</u>

The parties do not anticipate that other parties will be joined to this action.

(h) <u>Contemplated Amendments to the Pleadings</u>

None anticipated at this time.

(i) Defendant PRIDE INDUSTRIES, INC. agrees to be held responsible for the alleged wrongful acts of employee CHRISTIE PYLE and MIKE BUCHANAN,

under a theory of *respondeant superior* in exchange Plaintiff agrees to dismiss without prejudice individual defendants CHRISTIE PYLE and MIKE BUCHANAN.

(j) <u>Statutory Bases for Jurisdiction and Venue</u>

Plaintiff disputes whether venue is proper in the United States District Court, Eastern District, because all of the events or omissions giving rise to these claims occurred in the State of California and all of the parties are subject to personal jurisdiction in the State of California.

If this Court allows leave to amend this complaint, this Court has jurisdiction over this lawsuit pursuant to the provisions of 28 U.S.C. sections 1331, 1332, 18 U.S.C. sections 1030 *et seq.*, 2510 *et seq.*, and 2701 *et seq.* The alleged amount in controversy exceeds $75,000.

Defendants' argue that jurisdiction and venue in this Court is proper because Travis Air Force Base where Plaintiff worked while employed by PRIDE INDUSTRIES, INC., is a federal enclave, subject to exclusive federal jurisdiction. Plaintiff's Second Amended Complaint contains causes of action based on federal question.

(k) <u>Anticipated Discovery and the Scheduling of Discovery, including:</u>

**1.  Pre-Discovery Disclosures**

The parties will exchange the information as required by Fed. R. Civ. Rule 26(a)(1) on August 14, 2015.

**2.  Discovery Plan**

A. At this time, the parties anticipate seeking discovery on the following subjects. By submitting this proposal, however, neither party waives any right to object to discovery requests or to challenge the necessity of discovery sought by any party during discovery.

  i. Jurisdiction discovery.

  ii. Plaintiff's employment history with PRIDE INDUSTRIES, INC. ("PRIDE");

    iii. Any prior complaints similar to those set forth against PRIDE INDUSTRIES, INC.;

    iv. JEAN ZURBUCHEN's ("ZURBUCHEN") employment history with PRIDE as it may relate to ZURBUCHEN's conduct alleged in Plaintiff's Complaint;

    v. CHRISTIE PYLE's ("PYLE") employment history with PRIDE as it may relate to PYLE's conduct alleged in Plaintiff's Complaint

    vi. MIKE BUCHANAN's ("BUCHANAN") employment history with PRIDE as it may relate to BUCHANAN's conduct alleged in Plaintiff's Complaint

    vii. Plaintiff's disability and work restrictions, and PRIDE's knowledge thereof;

    viii. Any action taken by PRIDE to engage in the interactive process and make reasonable accommodations for Plaintiff;

    ix. PRIDE's procedures and policies related to the scheduling of job assignments and territories applicable to Plaintiff;

    x. PRIDE's policies and procedures related to any aspect of discrimination, harassment and/or retaliation in the work place;

    xi. Plaintiff's prior work history;

    xii. Plaintiff's work history after his separation from PRIDE;

    xiii. Plaintiff's efforts to obtain replacement work after his separation from PRIDE;

    xiv. Plaintiff's physical, mental and emotional injuries arising out of his separation from PRIDE;

    xv. PRIDE's policies and procedures related to handling employee's disabilities and work restrictions and;

    xvi. Follow-up discovery as may be necessary.

B. Interrogatories shall be governed by Federal Rule 33 and any related federal or local rules concerning interrogatories.

C. Admissions shall be governed by Federal Rule 36 and any related federal or local rules concerning admissions.

D. Depositions shall be governed by Federal Rule 30 and any related federal or local rules involving depositions.

E. Production of documents shall be governed by Federal Rule 34 and any related federal or local rules involving the production of documents.

F. The parties do not believe that it is necessary for discovery to be conducted in phases, or limited or focused in any particular way, but shall be completed as follows:

   i. The parties propose initial disclosures pursuant to Fed. R. Civ. Rule 26(a)(1) to be completed by August 14, 2015;

   ii. Written discovery to be completed by November 14, 2015;

   iii. Oral depositions to be completed by January 15, 2016, and;

   iv. Disclosures of experts and the production of expert reports shall be governed by Federal Rule 26(a)(2).

**3.     Other Items:**

A. All potentially dispositive motions should be filed by May 15, 2016, or within ninety (90) days after completing all discovery.

B. The parties agree that before engaging in meaningful settlement discussions, the parties must conduct at least some preliminary discovery. Thereafter, the parties believe that settlement may be enhanced by an alternative dispute resolution procedure, and, under Local Rule 16-15, have concurrently filed form ADR-01 for the Court's approval.

C. Final lists of witnesses and exhibits shall be governed by Federal Rule 26(a)(3).

(i) <u>Contemplated dispositive or other motions and a proposed date by which all non-discovery motions shall be heard;</u>

Plaintiff doesn't contemplate the filing of a motion to amend at this time. Defendants anticipate bringing a motion for summary judgment and/or adjudication of issues by May 15, 2016.

(h) <u>Methods that can be used from the outset to avoid unnecessary proof and cumulative evidence, and anticipated limitations or restrictions on the use of testimony under Federal Rule of Evidence 702;</u>

The parties will meet and confer regarding the identification of stipulated facts and evidence.

(i) <u>A proposed date for final pretrial conference;</u>

The parties agree that the case should be ready for a pretrial conference by July 2016.

(j) <u>A proposed date for trial, estimated number of days of trial, and whether any party has demanded a jury;</u>

Parties agree that the case should be ready for trial by August 2016 or earlier depending on when any potentially dispositive motions are filed and ruled upon by the Court. It is expected that the trial by jury should take six (6) to ten (10) court days.

(k) <u>Appropriateness of special procedures such as reference to a special master or agreement to try the matter before the assigned magistrate judge pursuant to 28 U.S.C. 636(c);</u>

Parties do not believe this matter requires any special procedures at this time.

(l) <u>Proposed modification of standard pretrial procedures because of the simplicity or complexity of the case;</u>

Parties agree that the standard pretrial procedures should apply to this lawsuit.

(m) <u>Whether the case is related to any other case pending in this district including the bankruptcy court of this district;</u>

There are no other pending related cases.

(n) <u>Optimal timing and method for settlement discussions, including whether a court-convened settlement conference should be scheduled, whether in the case of a jury trial the parties will stipulate to a neutral third party acting as a settlement judge, and the parties' positions with respect to Voluntary Dispute Resolution (VDRP) as required by Local Rule 271(d)</u>; and

(o) <u>Any other matters that may be conducive to the just and expeditious disposition of the case</u>.

Parties agree that, at this time, there are no other matters that may be conducive to the just and expeditious disposition of the case.

Dated: July 23, 2015          THE ROSA LAW GROUP

                                           By:  /s/ Andrea Rosa
                                                 Andrea Rosa, Esq.
                                                 Attorney for Plaintiff

Dated: July 23, 2015          GILBERT KELLY CROWLEY & JENNETT LLP

                                           By:  /s/ David M. Daniels
                                                 David M. Daniels, Esq.
                                                 Attorney for Defendant

**Gilbert, Kelly Crowley & Jennett LLP**
Attorneys at Law

3563962.1  07181-00002

-8-
JOINT PRETRIAL STATUS CONFERENCE STATEMENT