1  **GILBERT, KELLY, CROWLEY & JENNETT LLP**
   DAVID M. DANIELS / Bar No. 170315
2  ddaniels@gilbertkelly.com
   1013 Galleria Boulevard, Suite 205
3  Roseville, California 95678-1363
   (916) 472-3300; FAX (213) 615-7100
4
   Attorneys for Defendant
5  PRIDE INDUSTRIES and JEAN ZURBUCHEN

6

7

8              **UNITED STATES DISTRICT COURT**

9             **EASTERN DISTRICT OF CALIFORNIA**

10

11 | NAPOLEON ANDREWS,                    | )  Case No. 2014-CV-02154-KJM-AC
   |                                      | )
12 |              Plaintiff,              | )  Assigned to Hon. Kimberly J. Mueller
   |       vs.                            | )  Courtroom: 3
13 |                                      | )
   | PRIDE INDUSTRIES, JEAN               | )  **DEFENDANT JEAN**
14 | ZURBUCHEN,  as individuals and Does  | )  **ZURBUCHEN'S ANSWER TO**
   | 1-10, inclusive,                     | )  **PLAINTIFF'S SECOND**
15 |                                      | )  **AMENDED COMPLAINT**
   |              Defendants.             | )
16 |_____| )  Trial Date:  None Set

17        Defendant JEAN ZURBUCHEN (herein referred to as "Defendant") responds

18 to the complaint of Plaintiff Napoleon Andrews on file herein as follows:

19                        **JURISDICTION AND VENUE**

20        1.     Defendant admits that Plaintiff seeks to invoke Court's jurisdiction, that

21 the statutes in Paragraph 1 of Plaintiff's complaint speak for themselves and that this

22 Court has subject matter jurisdiction over Plaintiff's federal causes of action pursuant

23 to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1981, *et. seq.*  Defendant admits that

24 Plaintiff seeks to have the case assigned to the Eastern District of California.  The

25 remaining allegations in Paragraph 1 state legal conclusions for which no response is

26 necessary.  To the extent a response is required, Defendant denies the remaining

27 allegations of Paragraph 1 of Plaintiff's complaint.

28

## PARTIES

**PLAINTIFF:**

1. Defendant admits the allegations in Paragraph 1 in Plaintiff's Second Amended Complaint ("hereinafter referred to as "SAC").

2. Defendant admits that Plaintiff was employed by PRIDE Industries (hereinafter referred to as "PRIDE") as a Grounds Maintenance Lead. Defendant lacks sufficient information to admit or deny the date of Plaintiff's employment. Defendant admits in part and denies in part that Plaintiff was responsible for, among other things, leading a crew of disabled employees in herbicide and pesticide application on the grounds of Travis Air Force Base ("AFB"). Defendant admits that Plaintiff's employment was on the grounds of AFB.

3. Defendant admits in part and denies in part the allegations set forth in Paragraph 3 of Plaintiff's SAC. Defendant admits that Plaintiff worked for PRIDE at AFB which is a United States Air Force Base. Defendant admits that the Base is located approximately 3 miles east of the central business district of Fairfield, in Solano County, California. Defendant lacks sufficient information to admit or deny that its contract with AFB required the majority of work hours be performed by employees with disabilities.

4. The allegations set forth in Paragraph 4 of Plaintiff's SAC state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 4 of Plaintiff's SAC.

5. Defendant lacks sufficient information to form a belief as to the truth of Plaintiff's allegations in Paragraph 5 as to when or if Plaintiff delivered a Complaint against Defendant PRIDE with the State of California, Department of Fair Employment and Housing ("DFEH"). Defendant thus denies the allegations in Paragraph 5 of Plaintiff's SAC.

6. Defendant lacks sufficient information to form a belief as to Plaintiff's allegations in Paragraph 6 as to when the DFEH issued Plaintiff a Notice of Case

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1   07181-00002

1  Closure and Right to Sue Letter as to Defendant PRIDE. Defendant thus denies the
2  allegations of Paragraph 6 of Plaintiff's SAC.

3      7.    Defendant lacks sufficient information to form a belief as to Plaintiff's
4  allegations in Paragraph 7 as to when and/or if he filed an amended complaint
5  against Defendant PRIDE. Defendant thus denies the allegations of Paragraph 7 of
6  Plaintiff's SAC.

7      8.    The allegations contained in Paragraph 8 of Plaintiff's SAC state legal
8  conclusions for which no response is necessary. To the extent a response is required,
9  Defendant denies the allegations of Paragraph 8 of Plaintiff's SAC.

10  **DEFENDANTS**

11      9.    Defendant lacks sufficient information to form a belief as to the truth of
12  Plaintiff's allegations in Paragraph 9 as to the corporate status of PRIDE
13  INDUSTRIES. Defendant thus denies the allegations in Paragrph 9 of Plaintiff's
14  SAC.

15      10.    Defendant lacks sufficient information to form a belief as to the truth of
16  Plaintiff allegation in Paragraph 10 as to whom the agent for service of process is for
17  PRIDE INDUSTRIES. Defendant thus denies the allegations in Paragrpah 10 of the
18  Pliantiff's SAC.

19      11.    Defendant admits that the allegations in Paragraph 11 of Plaintiff's
20  SAC.

21      12.    Defendant admits that she was, at one time, a supervisor employed by
22  PRIDE INDUSTRIES and held the title of Landscape Project Manager. Defendant
23  does not understand the terms "was second level supervisor of plaintiff" and
24  therefore lacks sufficient information to form a belief as to the truth of Plaintiff's
25  remaining allegations of Paragraph 12. Defendant thus denies the remaining
26  allegations of Paragraph 12 of Plaintiff's SAC.

27      13.    Plaintiff's allegations in Paragraph 13 are vague and ambiguous as to
28  the terms "is found at Defendant's headquarters at 10030 Foothills Boulevard,

ANSWER TO SECOND AMENDED COMPLAINT

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1  07181-00002

1  Roseville, California 95747" and Defendant does not understand these allegations
2  and lack sufficient information to form a belief as to Plaintiff's allegations of
3  Paragraph 13. Defendant admits that Donna Walters is PRIDE's Vice President of
4  Human Resources.

5      14. Defendant admits that Mike Buchanan is a supervisor/manager
6  employed by PRIDE. Defendant lacks sufficient information to form a belief as to
7  the remaining allegations in Paragraph 14. Defendant thus denies the remaining
8  allegation of Paragraph 14 of Plaintiff's SAC.

9      15. Defendant admits the allegations of Paragraph 15 of Plaintiff's SAC.

10      16. The allegations in Paragraph 16 of Plaintiff's SAC state legal
11  conclusions for which no response is necessary. To the extent a response is required,
12  Defendant denies the allegations of Paragraph 16 of Plaintiff's SAC.

13      17. The allegations in Paragraph 17 of Plaintiff's SAC state legal
14  conclusions for which no response is necessary. To the extent a response is required,
15  Defendant denies the allegations of Paragraph 17 of Plaintiff's SAC.

16      18. The allegations in Paragraph 18 of Plaintiff's SAC state legal
17  conclusions for which no response is necessary. To the extent a response is required,
18  Defendant denies the allegations of Paragraph 18 of Plaintiff's SAC.

19      19. The allegations in Paragraph 19 of Plaintiff's SAC state legal
20  conclusions for which no response is necessary. To the extent a response is required,
21  Defendant denies the allegations of Paragraph 19 of Plaintiff's SAC.

22      20. The allegations in Paragraph 20 of Plaintiff's SAC state legal
23  conclusions for which no response is necessary. To the extent a response is required,
24  Defendant denies the allegations of Paragraph 20 of Plaintiff's SAC.

25      21. The allegations in Paragraph 21 of Plaintiff's SAC state legal
26  conclusions for which no response is necessary. To the extent a response is required,
27  Defendant denies the allegations of Paragraph 21 of Plaintiff's SAC.

28      22. The allegations in Paragraph 22 of Plaintiff's SAC state legal

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1   07181-00002

conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 22 of Plaintiff's SAC.

23. The allegations in Paragraph 23 of Plaintiff's SAC state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 23 of Plaintiff's SAC.

24. The allegations in Paragraph 24 of Plaintiff's SAC state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 24 of Plaintiff's SAC.

25. The allegations in Paragraph 25 of Plaintiff's SAC state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 25 of Plaintiff's SAC.

26. The allegations in Paragraph 26 of Plaintiff's SAC state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 26 of Plaintiff's SAC.

27. The allegations in Paragraph 27 of Plaintiff's SAC state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 27 of Plaintiff's SAC.

## FACTUAL ALLEGATIONS

28. Defendant admits that Plaintiff originally worked under the supervision of Randy Bradford and his management team. Defendant denies the remaining allegations of Paragraph 28 of Plaintiff's SAC.

29. Defendant denies the allegations of Paragraph 29 of Plaintiff's SAC.

30. Defendant denies the allegations of Paragraph 30 of Plaintiff's SAC.

31. Defendant denies the allegations of Paragraph 31 of Plaintiff's SAC.

32. Defendant denies the allegations of Paragraph 32 of Plaintiff's SAC.

33. Defendant lacks sufficient information to form a belief as to the truth of Plaintiff's allegations in Paragraph 33 that he knew that many of the new crew members did not understand English well and he would assist them by speaking in

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1 07181-00002

Spanish to them. Defendant denies the remaining allegations of Paragraph 33 of Plaintiff's SAC.

34. Defendant denies the allegations of Paragraph 34 of Plaintiff's SAC.

35. Defendant denies the allegations of Paragraph 35 of Plaintiff's SAC.

36. Defendant lacks sufficient information to form a belief as to the truth of Plaintiff's allegations in Paragraph 36 that shop steward Joe Santee accepted a grievance and gave it to Defendant with a copy to Anthony Wilson (Union Rep). Defendant denies the remaining allegations in Paragraph 36 of Plaintiff's SAC.

37. Defendant lacks sufficient information to form a belief as to when or if Commander Michael A. Martinez wrote a letter of commendation for Plaintiff directed to Hendrickson for Plaintiff's outstanding service. Defendant lacks sufficient information to form a belief as to the truth of Plaintiff's allegations that Martinez inquired had Plaintiff received a letter. Plaintiff was not aware of any letter. Defendant thus denies that allegations in Paragraph 37 of Plaintiff's SAC.

38. Defendant denies the allegations of Paragraph 38 of Plaintiff's SAC.

39. Defendant lacks sufficient information to form a belief as to the truth of Plaintiff's allegations in Paragraph 39 as to when or if Plaintiff complained about Defendant's conduct to PRIDE Industries' human resources personnel. Defendant thus denies that allegations of Paragraph 39 of Plaintiff's SAC.

40. Defendant lacks sufficient information to form a belief as to the truth of Plaintiff's allegations in Paragraph 40 as to when or if Plaintiff and his crew completed the days route and did grounds maintenance. Defendant also lacks sufficient information to form a belief as to Plaintiff's allegations in Paragraph 40 as to when and if he directed his crew on where and what to do and when and then suited up to prepare for spraying chemicals on crack weeks and rock bed vegetation or that Plaintiff had to be suited and zippered airtight spray suit, had to where safety eyewear and a pair latex rubber gloves or that a 4 gallon backpack sprayer was carried over his shoulders at any time on any given day. Defendant thus denies the

ANSWER TO SECOND AMENDED COMPLAINT

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1  07181-00002

1  allegations in Paragraph 40 of Plaintiff's SAC.

2      41.    Defendant denies the allegations of Paragraph 41 of Plaintiff's SAC.

3      42.    Defendant lacks sufficient information to form a belief as to the truth of

4  Plaintiff's allegations in Paragraph 42 as to where he exited the rear fenced in area of

5  the building.  Defendant thus denies that allegations of Paragraph 42 of Plaintiff's

6  SAC.

7      43.    Defendant denies the allegations of Paragraph 43 of Plaintiff's SAC.

8      44.    Defendant denies the allegations of Paragraph 44 of Plaintiff's SAC.

9      45.    Defendant lacks sufficient information to form a belief as to the truth of

10  Plaintiff's allegations in Paragraph 45 that he did not want to pass out or faint.

11  Defendant thus denies that allegations of Paragraph 45 of Plaintiff's SAC.

12      46.    Defendant denies that allegations of Paragraph 46 of Plaintiff's SAC.

13      47.    Defendant lacks sufficient information to form a belief as to the truth of

14  Plaintiff's allegations in Paragraph 47 of Plaintiff's SAC.

15      48.    Defendant lacks sufficient information to form a belief as to the truth of

16  Plaintiff's allegations in Paragraph 48 as to when or if Plaintiff requested Andre

17  Anthony to provide him information about discrimination/harassment and on filing a

18  complaint.  Defendant thus denies that allegations of Paragraph 48 of Plaintiff's

19  SAC.

20      49.    Defendant lacks sufficient information to form a belief as to the truth of

21  Plaintiff's allegations in Paragraph 49 as to when and/or if he filed a complaint of

22  discrimination and harassment with Defendant's human resources office.  Defendant

23  thus denies that allegations of Paragraph 49 of Plaintiff's SAC.

24      50.    Defendant denies the allegations of Paragraph 50 of Plaintiff's SAC.

25      51.    Defendant lacks sufficient information to form a belief as to the truth of

26  Plaintiff's allegations in Paragraph 51 as to when or if Plaintiff delivered a grievance

27  against Defendant with the Union.  Defendant thus denies that allegations of

28  Paragraph 51 of Plaintiff's SAC.

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1  07181-00002

ANSWER TO SECOND AMENDED COMPLAINT

1    52.    Defendant denies the allegations of Paragraph 52 of Plaintiff's SAC.

2    53.    Defendant denies the allegations of Paragraph 53 of Plaintiff's SAC.

3    54.    Defendant lacks sufficient information to form a belief as to the truth of Plaintiff's allegations in Paragraph 54 as to whether leads knew that he was being removed as a lead.  Defendant thus denies that allegations of Paragraph 54 of Plaintiff's SAC.  Defendant denies the remaining allegations in Paragraph 54 of Plaintiff's SAC.

55.    Defendant denies the allegations of Paragraph 55 of Plaintiff's SAC.

56.    Defendant denies the allegations of Paragraph 56 of Plaintiff's SAC.

57.    Defendant denies the allegations of Paragraph 57 of Plaintiff's SAC.

58.    Defendant lacks sufficient information to form a belief as to the truth of Plaintiff's allegations in Paragraph 58 as to when or if Plaintiff delivered a workers' compensation claim.  Defendant thus denies that allegations of Paragraph 58 of Plaintiff's SAC.

59.    Defendant denies the allegations of Paragraph 59 of Plaintiff's SAC that Plaintiff was singled out for preferential treatment by Defendant, Pyle and Buchanan. Defendant admits that Plaintiff received a final Written Warning for traveling with the trailer gate down.  Defendant denies that other leads would drive with other trailer gates down but were not written up or disciplined.  Defendant lacks sufficient information to form a belief as to Plaintiff's allegations in Paragraph 59 as to when or if Plaintiff verbally complained to Pamela Reed.  Thus, Defendant denies these allegations in Paragraph 59 of Plaintiff's SAC.  Defendant denies that she singled Plaintiff out in meetings by asking work questions in front of others and his crew that were not asked of other leads.  Defendant admits that Plaintiff received an oral reprimand and Final Written Waring for unsatisfactory performance.  Defendant denies that she was asked to produce the unsatisfactory documents that resulted in oral reprimand and Final Written Warning.  Defendant admits that on or about December 6, 2011, Plaintiff received an unsatisfactory performance evaluation, but

ANSWER TO SECOND AMENDED COMPLAINT

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1  07181-00002

denies that she brought it up in staff meeting for open discussion. Defendant denies that other non-African American males were treated better and differently. Defendant denies the remaining portions of Plaintiff's allegations in Paragraph 59 of Plaintiff's SAC.

60.    Defendant denies the allegations of Paragraph 60 of Plaintiff's SAC,

61.    Defendant lacks sufficient information to form a belief as to the truth of Plaintiff's allegations in Paragraph 61 as to when or if Plaintiff was placed by his doctor on medical leave due to stress. Defendant thus denies that allegations of Paragraph 61 of Plaintiff's SAC.

62.    Defendant denies that allegations of Paragraph 62 of Plaintiff's SAC.

63.    Defendant lacks sufficient information to admit or deny the allegations of Paragraph 63 of Plaintiffs SAC. Defendant thus denies the allegations of Paragraph 63 of Plaintiff's SAC.

64.    Defendant lacks sufficient information to admit or deny the allegations of Paragraph 64 of Plaintiffs SAC. Defendant thus denies the allegations of Paragraph 64 of Plaintiff's SAC

65.    Defendant lacks sufficient information to form a belief as to the truth of Plaintiff's allegations in Paragraph 65 as to when or if Plaintiff filed a worker's compensation claim for injuries sustained at work. Defendant thus denies the allegations of Paragraph 65 of Plaintiff's SAC.

66.    Defendant lacks sufficient information to form a belief as to the truth of Plaintiff's allegations in Paragraph 66 as to when or if Plaintiff delivered a charge with the National Labor Relations Board against Defendant. Defendant thus denies the allegations of Paragraph 66 of Plaintiff's SAC.

67.    Defendant lacks sufficient information to form a belief as to the truth of Plaintiff's allegations in Paragraph 67 as to when or if Plaintiff delivered a complaint for race harassment and discrimination and retaliation with the Department of Fair Employment and Housing against Defendants. Defendant thus denies the

ANSWER TO SECOND AMENDED COMPLAINT

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1  07181-00002

allegations of Paragraph 67 of Plaintiff's SAC.

68. Defendant lacks sufficient information to form a belief as to the truth of Plaintiff's allegations in Paragraph 68 as to when or if Plaintiff submitted a doctor's note extending the time of his return to work until November 14, 2012. Defendant thus denies the allegations of Paragraph 68 of Plaintiff's SAC.

69. Defendant lacks sufficient information to form a belief as to the truth of Plaintiff's allegations in Paragraph 69 as to when or if Plaintiff delivered a complaint to the California Department of Pesticide Regulations. Defendant thus denies the allegations of Paragraph 69 of Plaintiff's SAC.

70. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 70 of Plaintiffs SAC. Defendant thus denies the allegations of Paragraph 70 of Plaintiff's SAC.

71. Defendant lacks sufficient information to form a belief as to the truth of Plaintiff's allegations in Paragraph 71 as to when or if Plaintiff delivered a doctor's note extending his leave of absence. Defendant thus denies the allegations of Paragraph 71 of Plaintiff's SAC.

72. Defendant lacks sufficient information to form a belief as to the truth of Plaintiff's allegations in Paragraph 72 as to when or if Plaintiff's worker's compensation attorney submitted a letter to Donna Walters. Defendant thus denies the allegations of Paragraph 72 of Plaintiff's SAC.

73. Defendant lacks sufficient information to form a belief as to the truth of Plaintiff's allegations in Paragraph 73 as to when or if Plaintiff wrote to the VP of Human Resources, Donna Walters, to inform her that upon his return he would want to attend to pesticide applications professional association seminars. Defendant thus denies the allegations of Paragraph 73 of Plaintiff's SAC.

74. Defendant admits that Plaintiff's employment relationship with PRIDE INDUSTRIES was terminated on November 19, 2012. Defendant denies the remaining allegations of Paragraph 74 of Plaintiff's SAC.

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1  07181-00002

# FIRST CLAIM FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
## Labor Code §1102.5, Labor Code §132(a) & Gov.Code §12940
### (Against Defendant PRIDE and Does 1-10)

75.     Defendant's responses to the allegations in the proceeding paragraphs are incorporated herein as fully set forth.

76.     Defendant admits the allegations of Paragraph 76 of Plaintiff's SAC.

77.     Defendant denies the allegations of Paragraph 77 of Plaintiff's SAC.

78.     Defendant lacks sufficient information to form a belief as to the truth of Plaintiff's allegations in Paragraph 78 as to when or is Plaintiff filed a complaint of discrimination and harassment against Andre Anthony. Defendant thus denies that allegations of Paragraph 78 of Plaintiff's SAC.

79.     Defendant lacks sufficient information to form a belief as to the truth of Plaintiff's allegations in Paragraph 79 as to when or if Plaintiff filed a grievance against actions taken by his immediate supervisors Pyle, Buchanan and Defendant Zurbuchen.   Defendant thus denies the allegations of Paragraph 79 of Plaintiff's SAC.

80.     Defendant lacks sufficient information to form a belief as to the truth of Plaintiff's allegations in Paragraph 80 because Plaintiff has failed to define cumulative trauma and/or if and when Plaintiff filed a workers' compensation claim. Defendant thus denies the allegations of Paragraph 80 of Plaintiff's SAC.

81.     Defendant admits the allegations the Plaintiff was terminated in Paragraph 81 of Plaintiff's SAC.

82.     The allegations in Paragraph 82 state legal conclusions for which no response is necessary.  To the extent a response is required.  Defendant denies the allegations of Paragraph 82 of Plaintiff's SAC.

////

////

ANSWER TO SECOND AMENDED COMPLAINT

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1  07181-00002

## SECOND CLAIM FOR RACE DISCRIMINATION UNDER FEHA
### Gov. Code §§12900, *et seq.*
### (Against Defendant PRIDE and Does 1-10)

83. Defendant's responses to the allegations in the proceeding paragraphs are incorporated herein as if fully set forth.

84. The allegations of Paragraph 84 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 84 of Plaintiff's SAC.

85. The allegations of Paragraph 85 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 85 of Plaintiff's SAC.

86. The allegations of Paragraph 86 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 86 of Plaintiff's SAC.

87. The allegations of Paragraph 87 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 87 of Plaintiff's SAC.

88. The allegations of Paragraph 88 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 88 of Plaintiff's SAC.

89. The allegations of Paragraph 89 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 89 of Plaintiff's SAC.

90. The allegations of Paragraph 90 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 90 of Plaintiff's SAC.

////

////

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1  07181-00002

## THIRD CLAIM FOR DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE, AND ASSOCIATION UNDER FEHA
### Gov.Code §§12940, *et. seq.*
### (Against Defendant PRIDE and Does 1-10)

91.     Defendant's responses to the allegations in the proceeding paragraphs are incorporated herein as if fully set forth.

92.     The allegations of Paragraph 92 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 92 of Plaintiff's SAC.

93.     The allegations of Paragraph 93 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 93 of Plaintiff's SAC.

94.     The allegations of Paragraph 94 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 94 of Plaintiff's SAC.

95.     The allegations of Paragraph 95 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 95 of Plaintiff's SAC.

96.     The allegations of Paragraph 96 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 96 of Plaintiff's SAC.

97.     The allegations of Paragraph 97 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 97 of Plaintiff's SAC.

98.     The allegations of Paragraph 98 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 98 of Plaintiff's SAC.

99.     The allegations of Paragraph 99 state legal conclusions for which no

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1   07181-00002

1 | response is necessary. To the extent a response is required, Defendant denies the
2 | allegations of Paragraph 99 of Plaintiff's SAC.

3 |     100. The allegations of Paragraph 100 state legal conclusions for which no
4 | response is necessary. To the extent a response is required, Defendant denies the
5 | allegations of Paragraph 100 of Plaintiff's SAC.

6 |     101. The allegations of Paragraph 101 state legal conclusions for which no
7 | response is necessary. To the extent a response is required, Defendant denies the
8 | allegations of Paragraph 101 of Plaintiff's SAC.

### FOURTH CLAIM FOR FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS UNDER FEHA
### Gov.Code §§19240(n), *et. seq.*
### (Against Defendant PRIDE and Does 1-10)

    102. Defendant's responses to the allegations in the proceeding paragraphs are incorporated herein as if fully set forth.

    103. The allegations of Paragraph 103 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 103 of Plaintiff's SAC.

    104. The allegations of Paragraph 104 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 104 of Plaintiff's SAC.

    105. The allegations of Paragraph 105 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 105 of Plaintiff's SAC.

    106. The allegations of Paragraph 106 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 106 of Plaintiff's SAC.

    107. The allegations of Paragraph 107 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1   07181-00002

allegations of Paragraph 107 of Plaintiff's SAC.

108. The allegations of Paragraph 108 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 108 of Plaintiff's SAC.

## FIFTH CLAIM FOR FAILURE TO PREVENT DISCRIMINATION
### Gov.Code §§12900, *et. seq.*
### (Against Defendant PRIDE and Does 1-10)

109. Defendant's responses to the allegations in the proceeding paragraphs are incorporated herein as if fully set forth.

110. The allegations of Paragraph 110 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 110 of Plaintiff's SAC.

111. The allegations of Paragraph 111 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 111 of Plaintiff's SAC.

112. The allegations of Paragraph 112 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 112 of Plaintiff's SAC.

113. The allegations of Paragraph 113 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 113 of Plaintiff's SAC.

114. The allegations of Paragraph 114 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 114 of Plaintiff's SAC.

115. The allegations of Paragraph 115 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 115 of Plaintiff's SAC.

116. The allegations of Paragraph 116 state legal conclusions for which no

ANSWER TO SECOND AMENDED COMPLAINT

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1  07181-00002

1  response is necessary.  To the extent a response is required, Defendant denies the
2  allegations of Paragraph 116 of Plaintiff's SAC.

### SIXTH CLAIM HOSTILE WORK ENVIRONMENT
### Gov.Code §§12940, *et. seq.*
### (Against Defendant PRIDE & ZURBUCHEN, and Does 1-10)

117.  Defendant's responses to the allegations in the proceeding paragraphs are incorporated herein as if fully set forth.

118.  The allegations of Paragraph 118 state legal conclusions for which no response is necessary.  To the extent a response is required, Defendant denies the allegations of Paragraph 118 of Plaintiff's SAC.

119.  The allegations of Paragraph 119 state legal conclusions for which no response is necessary.  To the extent a response is required, Defendant denies the allegations of Paragraph 119 of Plaintiff's SAC.

120.  The allegations of Paragraph 120 state legal conclusions for which no response is necessary.  To the extent a response is required, Defendant denies the allegations of Paragraph 120 of Plaintiff's SAC.

121.  The allegations of Paragraph 121 state legal conclusions for which no response is necessary.  To the extent a response is required, Defendant denies the allegations of Paragraph 121 of Plaintiff's SAC.

122.  The allegations of Paragraph 122 state legal conclusions for which no response is necessary.  To the extent a response is required, Defendant denies the allegations of Paragraph 122 of Plaintiff's SAC.

123.  The allegations of Paragraph 123 state legal conclusions for which no response is necessary.  To the extent a response is required, Defendant denies the allegations of Paragraph 123 of Plaintiff's SAC.

124.  The allegations of Paragraph 124 state legal conclusions for which no response is necessary.  To the extent a response is required, Defendant denies the allegations of Paragraph 124 of Plaintiff's SAC.

ANSWER TO SECOND AMENDED COMPLAINT

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1  07181-00002

1    125. The allegations of Paragraph 125 state legal conclusions for which no
2  response is necessary. To the extent a response is required, Defendant denies the
3  allegations of Paragraph 125 of Plaintiff's SAC.

4    126. The allegations of Paragraph 126 state legal conclusions for which no
5  response is necessary. To the extent a response is required, Defendant denies the
6  allegations of Paragraph 126 of Plaintiff's SAC.

7    127. The allegations of Paragraph 127 state legal conclusions for which no
8  response is necessary. To the extent a response is required, Defendant denies the
9  allegations of Paragraph 127 of Plaintiff's SAC.

10    128. The allegations of Paragraph 128 state legal conclusions for which no
11  response is necessary. To the extent a response is required, Defendant denies the
12  allegations of Paragraph 128 of Plaintiff's SAC.

13  **SEVENTH CLAIM FOR RACE DISCRIMINATION & HARASSMENT IN**
**VIOLATION OF 42 U.S.C. § 1981**
14
**(Against Defendant PRIDE & ZURBUCHAN, and Does 1-10)**
15

16    129. Defendant's responses to the allegations in the proceeding paragraphs
17  are incorporated herein as if fully set forth.

18    130. The allegations of Paragraph 130 state legal conclusions for which no
19  response is necessary. To the extent a response is required, Defendant denies the
20  allegations of Paragraph 130 of Plaintiff's SAC.

21    131. The allegations of Paragraph 131 state legal conclusions for which no
22  response is necessary. To the extent a response is required, Defendant denies the
23  allegations of Paragraph 131 of Plaintiff's SAC.

24    132. The allegations of Paragraph 132 state legal conclusions for which no
25  response is necessary. To the extent a response is required, Defendant denies the
26  allegations of Paragraph 132 of Plaintiff's SAC.

27    133. The allegations of Paragraph 134 state legal conclusions for which no
28  response is necessary. To the extent a response is required, Defendant denies the

ANSWER TO SECOND AMENDED COMPLAINT

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1  07181-00002

allegations of Paragraph 133 of Plaintiff's SAC.

**EIGHTH CLAIM FOR RETALIATION IN VIOLATION OF FAMILY
MEDICAL LEAVE ACT OF 1993
(FMLA) (29 U.S.C. §§ 2101-2109)
(Against Defendant PRIDE and Does 1-10)**

134. Defendant's responses to the allegations in the proceeding paragraphs are incorporated herein as if fully set forth.

135. The allegations of Paragraph 135 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 135 of Plaintiff's SAC.

136. The allegations of Paragraph 136 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 136 of Plaintiff's SAC.

137. The allegations of Paragraph 137 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 137 of Plaintiff's SAC.

138. The allegations of Paragraph 138 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 138 of Plaintiff's SAC.

**NINTH CLAIM FOR DISCRIMINATORY TERMINATION IN VIOLATION
OF FAMILY MEDICAL LEAVE ACT OF 1993
(FLMA) (29 U.S.C. §§ 2101-2109)
(Against Defendant PRIDE and Does 1-10)**

139. Defendant's responses to the allegations in the proceeding paragraphs are incorporated herein as if fully set forth.

140. The allegations of Paragraph 140 state legal conclusions for which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 140 of Plaintiff's SAC.

141. The allegations of Paragraph 141 state legal conclusions for which no

ANSWER TO SECOND AMENDED COMPLAINT

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1  07181-00002

1  response is necessary.  To the extent a response is required, Defendant denies the
2  allegations of Paragraph 141 of Plaintiff's SAC.

3  142.  The allegations of Paragraph 142 state legal conclusions for which no
4  response is necessary.  To the extent a response is required, Defendant denies the
5  allegations of Paragraph 142 of Plaintiff's SAC.

6  143.  The allegations of Paragraph 143 state legal conclusions for which no
7  response is necessary.  To the extent a response is required, Defendant denies the
8  allegations of Paragraph 143 of Plaintiff's SAC.

9  144.  The allegations of Paragraph 144 state legal conclusions for which no
10  response is necessary.  To the extent a response is required, Defendant denies the
11  allegations of Paragraph 144 of Plaintiff's SAC.

12  145.  The allegations of Paragraph 145 state legal conclusions for which no
13  response is necessary.  To the extent a response is required, Defendant denies the
14  allegations of Paragraph 145 of Plaintiff's SAC.

15  146.  The allegations of Paragraph 146 state legal conclusions for which no
16  response is necessary.  To the extent a response is required, Defendant denies the
17  allegations of Paragraph 146 of Plaintiff's SAC.

18  147.  The allegations of Paragraph 147 state legal conclusions for which no
19  response is necessary.  To the extent a response is required, Defendant denies the
20  allegations of Paragraph 147 of Plaintiff's SAC.

21 **TENTH CLAIM FOR RETALIATION FOR EXERCISING THE RIGHT TO**
22 **FMLA LEAVE UNDER 29 U.S.C. § 2615 (a)(1)**
**(Against Defendant PRIDE)**
23

24  148.  Defendant's responses to the allegations in the proceeding paragraphs
25  are incorporated herein as if fully set forth.

26  149.  The allegations of Paragraph 149 state legal conclusions for which no
27  response is necessary.  To the extent a response is required, Defendant denies the
28  allegations of Paragraph 149 of Plaintiff's SAC.

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

ANSWER TO SECOND AMENDED COMPLAINT

3688483.1  07181-00002

1    150.  The allegations of Paragraph 150 state legal conclusions for which no
2  response is necessary.  To the extent a response is required, Defendant denies the
3  allegations of Paragraph 150 of Plaintiff's SAC.

4    151.  The allegations of Paragraph 151 state legal conclusions for which no
5  response is necessary.  To the extent a response is required, Defendant denies the
6  allegations of Paragraph 151 of Plaintiff's SAC.

7    152.  The allegations of Paragraph 152 state legal conclusions for which no
8  response is necessary.  To the extent a response is required, Defendant denies the
9  allegations of Paragraph 152 of Plaintiff's SAC.

10    153.  The allegations of Paragraph 153 state legal conclusions for which no
11  response is necessary.  To the extent a response is required, Defendant denies the
12  allegations of Paragraph 153 of Plaintiff's SAC.

13    154.  The allegations of Paragraph 154 state legal conclusions for which no
14  response is necessary.  To the extent a response is required, Defendant denies the
15  allegations of Paragraph 154 of Plaintiff's SAC.

16    155.  The allegations of Paragraph 155 state legal conclusions for which no
17  response is necessary.  To the extent a response is required, Defendant denies the
18  allegations of Paragraph 155 of Plaintiff's SAC.

19    156.  The allegations of Paragraph 156 state legal conclusions for which no
20  response is necessary.  To the extent a response is required, Defendant denies the
21  allegations of Paragraph 156 of Plaintiff's SAC.

22    157.  The allegations of Paragraph 157 state legal conclusions for which no
23  response is necessary.  To the extent a response is required, Defendant denies the
24  allegations of Paragraph 157 of Plaintiff's SAC.

25    158.  The allegations of Paragraph 158 state legal conclusions for which no
26  response is necessary.  To the extent a response is required, Defendant denies the
27  allegations of Paragraph 158 of Plaintiff's SAC.

28    159.  The allegations of Paragraph 159 state legal conclusions for which no

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1  07181-00002

1  response is necessary. To the extent a response is required, Defendant denies the
2  allegations of Paragraph 159 of Plaintiff's SAC.

## PLAINTIFF'S PRAYER FOR RELIEF

4  Defendant denies that Plaintiff or anyone else is entitled to relief requested in
5  the SAC Prayer for Relief.

## AFFIRMATIVE DEFENSES

7  AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE
8  DEFENSE TO THE SECOND AMENDED COMPLAINT (hereinafter referred to as
9  "SAC"), this answering Defendant alleges that Plaintiff's complaint fails to state
10  facts sufficient to constitute a cause of action.

11  AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE
12  DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that Plaintiff's
13  SAC and each cause of action thereof is uncertain and ambiguous as pled.

14  AS AND FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE
15  DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that Plaintiff
16  knowingly, willingly, expressly or impliedly consented to the matters described in
17  Plaintiff's complaint.

18  AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE
19  DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that it was
20  justified and privileged in performing each act or omission alleged in Plaintiff's
21  SAC.

22  AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE
23  DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that the SAC
24  fails to state a claim for recovery of attorneys' fees.

25  AS AND FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE
26  DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that Plaintiff's
27  claims are barred by the doctrine of estoppel.

28  AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE

ANSWER TO SECOND AMENDED COMPLAINT

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1  07181-00002

DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that principles of equity and equitable considerations, including but not limited to those set forth in Civil Code sections 3509, *et seq.*, bar all relief requested by Plaintiff against this answering Defendant.

AS AND FOR AN EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that Plaintiff's claims are barred by the doctrine of laches.

AS AND FOR A NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

AS AND FOR A TENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that Plaintiff's claims are barred by the doctrine of waiver.

AS AND FOR AN ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that Plaintiff should be denied recovery herein because Plaintiff's conduct was manifestly unreasonable.

AS AND FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that Defendant's obligations under the terms of any applicable contract or law, if any, have been fully performed and discharged.

AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that Plaintiff's claims are barred because any recovery from Defendant would result in Plaintiff's unjust enrichment.

AS AND FOR A FOURTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that Plaintiff acted with full knowledge of all the facts and circumstances

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

ANSWER TO SECOND AMENDED COMPLAINT

3688483.1  07181-00002

1 | giving rise to the damages claimed, if any there were, and knowingly assumed any
2 | and all risks attendant to the events and circumstances causing such damages, if any.

3 |     AS AND FOR A FIFTEENTH SEPARATE AND DISTINCT
4 | AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant
5 | alleges that Plaintiff was careless and negligent in and about the matters alleged in
6 | the SAC, and that said carelessness and negligence on the part of Plaintiff legally
7 | caused Plaintiff's damages, if any there were. Should Plaintiff recover damages
8 | herein, the amount thereof should be abated, reduced or eliminated to the extent that
9 | Plaintiff's own negligence caused or contributed to Plaintiff's injuries, if any.

10 |     AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT
11 | AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant
12 | alleges that Plaintiff's SAC, and each cause of action set forth therein, is barred by
13 | the exclusive remedy provisions of the California Workers' Compensation Act,
14 | Labor Code section 3600, *et seq.*

15 |     AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT
16 | AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant
17 | alleges that Plaintiff's SAC, and each cause of action set forth therein, is barred by
18 | the applicable statute of limitations, including but not limited to Code of Civil
19 | Procedure sections: 335.1, 337, 338(a); 339, 340(1), and Government Code sections
20 | 12960 and 12965 (b).

21 |     AS AND FOR AN EIGHTEENTH SEPARATE AND DISTRICT
22 | AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant
23 | alleges that Plaintiff has failed to mitigate damages, if any there were.

24 |     AS AND FOR A NINETEENTH SEPARATE AND DISTINCT
25 | AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant
26 | alleges that Plaintiff's SAC, to the extent that it seeks exemplary or punitive damages
27 | pursuant to §3294 of the Civil Code, violates Defendant's right to procedural due
28 | process under the Fourteenth Amendment of the United States Constitution, and the

ANSWER TO SECOND AMENDED COMPLAINT

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1  07181-00002

1 Constitution the State of California, and therefore fails to state a cause of action upon
2 which either punitive or exemplary damages can be awarded.

3   AS AND FOR A TWENTIETH SEPARATE AND DISTINCT
4 AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant
5 alleges that Plaintiff's SAC, to the extent that it seeks punitive or exemplary damages
6 pursuant to section 3294 of the Civil Code, violates Defendant's rights to protection
7 from "excessive fines" as provided in the Eighth Amendment of the United States
8 Constitution and Article I, Section 17, of the Constitution of the State of California,
9 and violates Defendant's rights to substantive due process as provided in the Fifth
10 and Fourteenth Amendments of the United States Constitution and the Constitution
11 of the State of California, and therefore fails to state a cause of action upon which
12 either punitive or exemplary damages can be awarded.

13   AS AND FOR A TWENTY-FIRST, SEPARATE AND DISTINCT
14 AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant
15 alleges that Plaintiff's SAC, and each cause of action set forth therein, is barred
16 because Defendant's actions were gender-neutral and were based upon bona-fide
17 factors other than sex.

18   AS AND FOR A TWENTY-SECOND SEPARATE AND DISTINCT
19 AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant
20 alleges that Plaintiff's SAC, and each cause of action set forth therein, is barred to
21 the extent that Plaintiff unreasonably failed to use his employer's harassment
22 complaint procedures that were provided to Plaintiff, and that the reasonable use of
23 such procedures would have prevented some or all of Plaintiff's alleged harm.

24   AS AND FOR A TWENTY-THIRD, SEPARATE AND DISTINCT
25 AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant
26 alleges that Plaintiff failed to exhaust his administrative remedies concerning all of
27 the matters alleged in the SAC and that there is no subject matter jurisdiction in this
28 Court as to any claim that was not the subject of a timely "Complaint" and "Notice

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1  07181-00002

of Right to Sue" letter from California Department of Fair Employment.

AS AND FOR A TWENTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that Plaintiff's willful and wrongful conduct was the cause of the damages alleged in the SAC, and that such conduct bars the relief Plaintiff is requesting. To the extent Defendant acquires, during the course of this litigation, any evidence of wrongdoing or willful misconduct by Plaintiff which wrongdoing or misconduct would have materially affected the terms and conditions of Plaintiffs' employment or would have resulted in Plaintiffs either being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claims herein or shall reduce such claim as provided by law.

AS AND FOR A TWENTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that Plaintiff failed to file an administrative Complaint with DFEH against his employer within one year after date of occurrence of unlawful employment practice as required by Government Code sections 12960 and/or 12965, subdivision (b).

AS AND FOR A TWENTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that Plaintiff's SAC, and each cause of action set forth therein, is barred because all of the actions of Defendant affecting the terms and/or conditions of Plaintiff's employment were not willful, were done in good faith, and were motivated by legitimate, non-retaliatory, non-harassing, and non-discriminatory reasons, and that Defendant had reasonable grounds for believing that its alleged wrongful acts or omissions were not a violation of any provision of the Labor Code or any other laws.

AS AND FOR A TWENTY-SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that its treatment of Plaintiff was at all times fair, just, privileged, with good

ANSWER TO SECOND AMENDED COMPLAINT

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

1  cause.

2      AS AND FOR A TWENTY-EIGHTH, SEPARATE AND DISTINCT

3  AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant

4  alleges that Plaintiff is barred from seeking any recovery under or arising out of his

5  employment contract or employment relationship because Plaintiff has breached that

6  contract by repudiating the arbitral remedy provided therein and because he failed to

7  exhaust his contractual remedy.

8      AS AND FOR A TWENTY-NINTH, SEPARATE AND DISTINCT

9  AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant

10  alleges that its actions as alleged in the SAC were taken in reasonable and good faith

11  reliance on prior authority declaring such conduct to be lawful, and retroactive

12  application of any decision disapproving of that prior authority would deny

13  Defendant's right to due process.

14      AS AND FOR A THIRTIETH, SEPARATE AND DISTINCT

15  AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant

16  alleges that its alleged failure to pay Plaintiff wages, commissions, overtime or any

17  other compensation was not willful but, rather, was done in good faith. Defendant

18  had reasonable grounds for believing that its acts or omissions were not a violation of

19  any provision of the Labor Code and/or any order of the Industrial Welfare

20  Commission.

21      AS AND FOR A THIRTY-ONE, SEPARATE AND DISTINCT

22  AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant

23  alleges that the employment relationship between Plaintiff and Defendant were

24  exempted and/or excepted from the provisions of the Labor Code and/or Industrial

25  Wage Orders alleged in the SAC as they pertain to any other alleged violations or

26  wrongful conduct.

27      AS AND FOR A THIRTY-TWO, SEPARATE AND DISTINCT

28  AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant alleges

ANSWER TO SECOND AMENDED COMPLAINT

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1  07181-00002

that neither Plaintiff nor any close relative suffered a serious health condition that made him unable to perform the functions of his employment.

AS AND FOR A THIRTY-THREE, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that the alleged emotional distress or stress suffered by Plaintiff, if any there was, was caused by persons or circumstances unrelated to Plaintiff's employment with the Defendant.

AS AND FOR A THIRTY-FOUR, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that neither Plaintiff nor his close relative suffered, for a continuous period an illness, injury, impairment, or physical or mental condition that involved continuing treatment by a health care provider.

AS AND FOR A THIRTY-FIVE, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that its statements, if any, were not knowingly false.

AS AND FOR A THIRTY-SIX, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that its statements, if any, were true.

AS AND FOR A THIRTY-SEVEN, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that its statements, if any, were made between fellow employees and were thus not actionable.

AS AND FOR A THIRTY-EIGHT, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that Plaintiff's SAC and each of its causes of action, are barred because at all relevant times, Plaintiff was an at-will employee, subject to termination, with or without cause, and with and without notice.

AS AND FOR A THIRTY-NINE, SEPARATE AND DISTINCT

ANSWER TO SECOND AMENDED COMPLAINT

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1 07181-00002

AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that because Plaintiff's claims are framed in broad and conclusory language, Defendant reserves the right to assert other affirmative defenses as may be warranted as discovery in this action proceeds.

AS AND FOR A FORTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE SAC HEREIN, this answering Defendant alleges that Plaintiff's claims are barred by the "mixed motive" defense. Defendant alleges discrimination was not the primary reason for taking any negative employment action against Plaintiff.

## CLOSING

WHEREFORE, this answering Defendant prays that Plaintiff take nothing by his Second Amended Complaint herein, that judgment be rendered in favor of Defendant and against Plaintiff, and that the Defendant be awarded its costs of suit incurred herein and such other and further relief as the Court may deem appropriate. Defendant PRIDE INDUSTRIES hereby demands a jury.

Dated: September 21, 2015    GILBERT, KELLY, CROWLEY & JENNETT LLP

By: //s//David M. Daniels
DAVID M. DANIELS
Attorneys for Defendant
PRIDE INDUSTRIES

ANSWER TO SECOND AMENDED COMPLAINT

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

3688483.1  07181-00002