1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    NAPOLEAN ANDREWS,                          No.  2:14-cv-2154 KJM AC

12                  Plaintiff,

13          v.                                   ORDER

14    PRIDE INDUSTRIES, et al.,

15                  Defendants.

16

17          Pending before the court is defendant's Motion for Protective Order (ECF No. 47).

18    Defendant requests an order precluding the taking of a Fed. R. Civ. P. 30(b)(6) deposition.  The

19    motion was referred to the undersigned by E.D. Cal. R. 302(c).

20          Defendant filed its motion on January 8, 2016, and noticed it to be heard on February 3,

21    2016.  However, the Status (Pretrial Scheduling) Order in this case states that "all oral depositions

22    [shall be] completed by January 15, 2016."  ECF No. 32 at 2.  The order further states that

23    "'completed' means that all discovery shall have been conducted so that all depositions have been

24    taken and any disputes relative to discovery shall have been resolved by appropriate order if

25    necessary and, where discovery has been ordered, the order has been obeyed."  Id.

26          The undersigned therefore has no authority to consider defendant's motion, as it is

27    scheduled to be heard after January 15, 2016, the last date the undersigned can hear such

28

                                                    1

1    motions.[1]  The scheduling order further provides that "the magistrate judge cannot change the

2    schedule set in this order, even in connection with a discovery matter."  Id.  Therefore, if

3    defendant wishes to change the scheduling order so that this motion can be heard, it must get

4    permission to do so from the district judge presiding over this case.

5              For the reasons stated above, IT IS HEREBY ORDERED that:

6              1.  Defendant's Motion for a Protective Order (ECF No. 47), is DENIED, without

7    prejudice.

8              2.  The February 3, 2016 hearing on this matter is VACATED.

9    DATED: January 29, 2016

10                                          _____
                                            ALLISON CLAIRE
11                                          UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24   [1]  The earliest the motion could possibly have been heard was January 20, 2016 (if the motion had
     been filed concurrently with a Joint Statement), which is also beyond the last date the
25   undersigned could hear such a motion.  The court also notes that by filing a separate
     Memorandum of Law, and separate declarations in support of its motion, defendant was not in
26   compliance with E.D. Cal. R. 251, which permits only the filing of (1) the Notice, and (2) a Joint
     Statement, and *no other documents*.  The Joint Statement (or defendant's statement, since
27   defendant asserts that no Joint Statement could be obtained), would include all the documents
     which defendant, improperly, filed separately.
28
                                            2