UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAPOLEAN ANDREWS, | No. 2:14-cv-2154 KJM AC |
| Plaintiff, | |
| v. | ORDER |
| PRIDE INDUSTRIES, et al., | |
| Defendants. | |

Pending before the court is defendant Pride Industries' Motion for Protective Order (ECF No. 47, as renewed by ECF No. 58), in which defendant requests an order limiting a Fed. R. Civ. P. 30(b)(6) deposition. The motion was referred to the undersigned by E.D. Cal. R. 302(c). The motion was initially denied because defendant missed the deadline for filing discovery motions. ECF No. 53. The deadline for taking oral depositions has now been extended to April 15, 2016. ECF No. 57.

Because neither party has complied with Local Rule 251 – and there is still time for the parties to comply with the Local Rules and still meet the deadline – the motion will be denied without prejudice to its renewal in proper form.

Under Local Rule 251, the moving party may file only two documents in connection with the discovery motion, namely, (1) the notice of motion, and (2) the Joint Statement. If, as is asserted to be the case here, the moving party "is unable, after a good faith effort, to secure the

1

cooperation of counsel for the opposing party in arranging the required conference, or in preparing and executing the required joint statement," the moving party may still file only two documents, namely, (1) the notice of motion, and (2) the affidavit called for by Local Rule 251(d).

Here, in violation of the Local Rules, defendant initially filed its notice of motion, a separate memorandum of points and authorities, and a separate declaration.  ECF Nos. 47, 48, 49.  In an apparent attempt to comply with the rules, defendant later filed an Affidavit of Non-Compliance.  ECF No. 51.  Upon renewing its motion, defendant again violated Local Rule 251(d) by basing the renewed motion upon the initially filed separate documents.  ECF No. 58.  This time, defendant made no mention of attempting to submit a Joint Statement, did not file a renewed affidavit under Local Rule 251(d), and did not even refer to the previously filed Affidavit of Non-Compliance.[1]

Moreover, the Affidavit of Non-Compliance defendant did submit with the initial motion did not comply with Local Rule 251(d).  Instead of setting forth all the information, contentions and briefing called for in the Local Rule, defendant attached (in addition to declarations), copies of two emailed draft "Joint Statements" that apparently were emailed to plaintiff on different days.  See ECF No. 51 at 62-74 (Exh. E to the Affidavit) & 77-89 (the second "Exhibit B" to the Affidavit).  It appears that defendant believed that the information called for by Local Rule 251(d) was contained in the emailed draft statements.  However, neither draft is signed by counsel for any party, and there is no indication whether these drafts are identical or differ in some way, nor, if different, which is the one the court should consider.[2]

---

[1] Defendant states that it also relies on "all exhibits previously filed with the Motion, all pleadings and papers currently in the court's file, all matters of which the court has been requested and may take judicial notice and such other oral and documentary evidence that may be presented at the hearing on this Motion."  ECF No. 58 at 2.  This does not relieve defendant of its obligation to set forth specifically what documents it is relying upon.  The court will not rummage through every single document ever filed in this litigation in search of information that might possibly be relevant to defendant's renewed motion.

[2] In addition, "Exhibit B" does not seem to be identified anywhere in the declarations to which it is attached.  There is a different Exhibit B at ECF No. 51 at 39-46, which is identified in the Daniels Declaration.

Meanwhile, plaintiff filed a separate Opposition to defendant's motion, with his own "Joint Statement" included, signed only by plaintiff's counsel. ECF No. 52. Plaintiff makes no mention of the failure of the parties to file a "joint" statement, and does not dispute defendant's assertion that he failed to participate in the attempted production of an actual Joint Statement.

Defendant's motion will accordingly be denied without prejudice to its renewal in proper form. The parties and counsel are cautioned that failure to comply with the Local Rules is grounds for the imposition of sanctions. See Local Rule 110.

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendant's Motion for a Protective Order (ECF No. 47, as renewed by ECF No. 58), is DENIED, without prejudice to its renewal in proper form.

2. The March 9, 2016 hearing on this matter is VACATED.

DATED: March 8, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE