1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NAPOLEAN ANDREWS,                          No.  2:14-cv-2154 KJM AC

12                  Plaintiff,

13        v.                                     ORDER

14   PRIDE INDUSTRIES, et al.,

15                  Defendants.

16

17        Defendant Pride Industries ("Pride") has filed a motion for a protective order in this case.

18   ECF No. 60.  The motion was referred to the undersigned by E.D. Cal. R. 302(c)(1).  For the

19   reasons that follow, defendant's motion will be granted in part and denied in part.

20                                  I.  BACKGROUND

21        According to the Second Amended Complaint ("Complaint") (ECF No. 25), defendant

22   Pride provides "grounds maintenance" services to Travis Air Force Base under a contract that

23   requires that the majority of the work hours be performed by employees with disabilities.

24   Complaint ¶¶ 3, 11.  Plaintiff is a disabled African-American man who was employed by Pride

25   from 2009 until his involuntary termination in 2012.  Complaint ¶¶ 2, 74, 94-95.  He led a crew of

26   disabled employees doing grounds maintenance.  Complaint ¶ 2.  The complaint alleges

27   employment discrimination based upon his race, disability, advocacy of his disabled crew, and

28   violation of the Family Medical Leave Act ("FMLA") (he was fired while on FMLA leave).  He

                                              1

also alleges that he was fired for not complying with Pride's unlawful instructions.  The complaint alleges that the claims arise under 42 U.S.C. § 1981, the FMLA (29 U.S.C. §§ 2601-54), and California state law.

## II.   THE DISCOVERY DISPUTE

### A.   Procedural History

On December 7, 2015, plaintiff served Pride with a Rule 30(b)(6) deposition notice.  See Joint Statement (ECF No. 61) at 27-34.  Plaintiff noticed the deposition for January 5, 2016 (re-scheduling it from the original December 22, 2015 date), the week before the January 15, 2016 deadline for completing all oral depositions.  On December 22, 2015, Pride served its objections to 12 of the topic categories (leaving 29 un-objected to topics), and 2 of the document requests that were included in the deposition notice.  Joint Statement at 36-42.

On March 16, 2016, defendant moved for a protective order.  ECF No. 60.  The parties timely filed a Joint Statement on March 30, 2016.  ECF No. 61.  The matter came on for hearing on April 6, 2016.  ECF No. 63.

### B.   Meet and Confer

Counsel met and conferred on December 28 & 31, 2015.  Joint Statement at 2-3 (defendant).  They resolved three of the issues, even though they have still included those issues in the Joint Statement.

### C.   Discovery Issues

#### 1.   Moot issues

The parties have agreed on the language for Deposition Topics 3 and 15, and Topic 26 has been withdrawn.  The motion for protective order as to these topics will be denied as moot.

#### 2.   Disputed issues

##### a.   Deposition Topics # 1, 6, 10, 11

[1] "The circumstances (who, what, where, how, when, and why) of all communications between Plaintiff and you [Pride] about his work restrictions and whether he could perform the essential functions of his position or any other position at PRIDE Industries, Inc."

[6] "All communications between Mr. Andrews' managers and the PRIDE Industries, Inc. concerning Mr. Andrews.

[10] "The facts and circumstances concerning every aspect of Mr. Andrews's employment."

[11] "The facts and circumstances concerning every aspect of Mr. Andrews's use of FMLA leave."

Pride objects that these topics are "not reasonably particularized," and are "overbroad, vague and ambiguous." As clarified at the hearing, these topics seek testimony in various areas, but all are limited to plaintiff's employment and his ability to do his job. None of these topics requires that Pride query each and every one of its 5,000 employees. Pride need only produce a witness who can testify about: plaintiff's employment (when hired, reviews, promotions, demotions, etc.) and his ability to do his job (Topic 10); communications about plaintiff's employment and ability to do his job (Topics 1, 6); and his use of FMLA leave (Topic 11). Those matters are plainly relevant to plaintiff's claim, as well as to some of Pride's affirmative defenses.

Pride's objections will accordingly be overruled.

b. Deposition Topic # 12

"The specifics of all wages, wage increases or benefits Plaintiff would have received from November 2012 to the present had she [*sic*] continued to be employed as a Grounds Maintenance Lead."

Pride objects that this calls for "wild speculation." Joint Statement at 14. Pride's objection might be proper if this were an interrogatory, but it is a deposition topic. Pride can designate someone who knows about Pride's wage structure and the collective bargaining agreement to answer questions on this topic. If, as counsel asserted at the hearing, Pride does not know anything about the collective bargaining agreement, then "Pride does not know about that" is an appropriate response to questions about it at the deposition. However, there is no basis for objecting to the deposition topic and the objection will be overruled.

c. Deposition Topic # 24 / Document Request # 4

"The financial net worth of PRIDE Industries, Inc."

Pride objects that "[i]nformation regarding Pride's financial worth is irrelevant until Plaintiff has proven his claim of punitive damages." Joint Statement at 18. Plaintiff seeks

3

1  punitive damages, and Pride does not argue that such damages are unavailable in this lawsuit.

2  "[E]vidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of

3  punitive damages that should be awarded."  City of Newport v. Fact Concerts, Inc., 453 U.S. 247,

4  270 (1981).  Financial condition is thus a proper area for discovery.

5      The issue then, is whether now is the proper time for discovery on financial condition.

6  Pride cites no authority for its assertion that financial condition discovery has to wait until the

7  claim for punitive damages has been "proven."  To the contrary, it appears that discovery as to

8  financial condition is appropriate during pretrial discovery.  See California Sportfishing Prot. All.

9  v. Chico Scrap Metal, Inc., 2014 WL 5093398 at *7, 2014 U.S. Dist. LEXIS 144173 at *16 (E.D.

10  Cal. 2014) (Claire, M.J.) ("[t]he majority of courts allow the discovery of financial information

11  relevant to punitive damages even when the plaintiff has not plead a prima facie case"); Zuniga v.

12  W. Apartments, 2014 WL 2599919 at *4, 2014 U.S. Dist. LEXIS 83135 at *12 (C.D. Cal. 2014)

13  ["when a punitive damages claim has been asserted, a majority of federal courts permit pretrial

14  discovery of financial information about defendants without requiring the plaintiff to establish a

15  prima facie case on the issue of punitive damages").  Accordingly, this objection will be

16  overruled.

17              d.  Deposition Topic ## 25, 41 / Document Request # 2

18      [25]  "Other employee complaints of disability discrimination,
        harassment and retaliation filed against PRIDE Industries, Inc.
19      including those filed internally and externally."

20      [41, Doc. Req. 2] "[All] Complaints made by employees of the
        Pride Industries, Inc. about their employment conditions, including,
21      without limitation, complaints made about discrimination and
        harassment by supervisors and co-workers, and any and all efforts
22      of Defendant PRIDE Industries, Inc.'s to respond to and or
        investigate such complaints."
23

24              (1)  Vagueness

25      Pride objects that the topic is "vague" as to what is meant by "complaints" and

26  "employment conditions."  Joint Statement at 16.  However, plaintiff specifies that he is referring

27  to internal (presumably union grievances, etc.) and external (presumably EEOC, DFEH)

28  complaints.  Pride does not specify what else is vague about this topic, it simply asserts that it is

1    "vague."  The undersigned does not understand what is vague about the request, and the

2    vagueness objection will be overruled.

3                                    (2)  Relevance

4        Pride also objects on relevancy grounds.  Joint Statement at 16-17.  Pride argues that "[a]s

5    Plaintiff has alleged individual claims of discrimination and harassment, complaints by other

6    employees are not relevant to establishing that he was discriminated against or harassed."  Id.

7    at 17.  The Ninth Circuit thoroughly addressed the relevance of other employees' claims of

8    discrimination, and held:

9                    It is clear that an employer's conduct tending to demonstrate
                     hostility towards a certain group is both relevant and admissible
10                   where the employer's general hostility towards that group is the
                     true reason behind firing an employee who is a member of that
11                   group.

12   Heyne v. Caruso, 69 F.3d 1475, 1479 (9th Cir. 1995) (interpreting Fed. R. Evid. 401 (relevance),

13   403 (must be more probative than prejudicial)).  "Recognizing that '[t]here will seldom be

14   "eyewitness" testimony as to the employer's mental processes,' the Supreme Court held that

15   evidence of the employer's discriminatory attitude *in general* is relevant and admissible to prove

16   race discrimination."  Id. at 1479-80 (emphasis in text) (quoting United States Postal Serv. Bd. of

17   Governors v. Aikens, 460 U.S. 711, 716 (1983)).

18       Pride also objects to the relevance of other employees' complaints, regardless of when

19   they were made or where.[1]  At the hearing, Pride asked that the topic be limited to complaints

20   from 2012, only.  It also asked to limit the complaints to those filed in California since, it argued,

21   the lawsuit only involved California law.  Plaintiff requested 10 years of complaints, and argued

22   that the complaint includes a federal claim under the FMLA.

23       Although other complaints are relevant, the court agrees that requiring the production of

24   all complaints, regardless of when they were filed, is unduly burdensome and plaintiff has not

25   shown how they might be relevant.  Accordingly, the topic will be restricted to complaints filed

26   ───────────────────

27   [1]  At the hearing, Pride also challenged the relevance of claims filed by persons who were hired as
     disabled persons, as opposed to complaints filed by persons who were able-bodied when hired but
     then became disabled.  Pride did not explain the basis for making this distinction, and it will be
28   disregarded.

                                              5

1   on or after August 5, 2004, which is ten years before plaintiff's original complaint was filed in

2   Solano County Superior Court.  See ECF No. 3 (exhibit to removal petition).

3         Pride's geographical objection is based on its assertion that only state claims are involved

4   here.  However, the operative complaint includes race discrimination and retaliation claims under

5   42 U.S.C. § 1981, and a federal FMLA claim.[2]  The geographic objection will accordingly be

6   overruled.

7         The court reject's Pride's objection that the only relevant complaints are those of

8   employees who, like plaintiff, were not disabled when hired but who became disabled during the

9   course of their employment.

10   (3)  Privacy

11         Pride argues that other employees have a privacy interest in their employment records,

12   and that they would be discouraged from filing complaints if their complaints were made

13   discoverable in this litigation.  It does appear that those other employees have a privacy interest in

14   their employment records.  See Guitron v. Wells Fargo Bank, N.A., 2011 WL 4345191 at *2,

15   2011 U.S. Dist. LEXIS 103072 at *4 (N.D. Cal. 2011) ("the Court finds that Guitron has a legally

16   protected privacy right in her employment records"); Kaur v. City of Lodi, 2015 WL 1240842 at

17   *4 n.4, 2015 U.S. Dist. LEXIS 40001, at *11 n.4 (E.D. Cal. 2015) (Claire, M.J.) ("courts have

18   repeatedly found that an individual possesses a privacy interest with respect to information

19   contained in her employment record").  However, this privacy interest calls for a well-crafted

20   protective order, rather than a bar on discovery, as Pride's own cited case indicates.  See Babbitt,

21   1992 WL 605652 at *3, 1992 U.S. Dist. LEXIS 19091 at *9-10 ("The arguments that disclosure

22   would have a chilling effect on the bringing of charges is not supported by facts.  Furthermore, a

23   well fashioned protective order could ensure confidentiality of the identities of the claimants.").

24   ///

25   ///

26

27   ----

   [2]  The original complaint contained only state claims.  However, plaintiff was granted leave to amend after the action was removed to federal court, and the amended complaint contains these

28   federal claims.

1   The objection will accordingly be overruled, although defendant may submit a proposed

2   protective order to govern the document production and testimony regarding other employees'

3   complaints.

4   e.  Deposition Topic # 29

5   "The facts and circumstances that underlie any affirmative defenses
    alleged by PRIDE Industries, Inc. in its answer to Plaintiff's
6   complaint."

7   Pride objects that this is a "thinly disguised" effort to get at its legal theory of the case,

8   thus invading its attorney work product and seeking attorney-client privileged material.

9   Pride's objection is well taken.  The first affirmative defense, for example, is that

10  "Plaintiff's complaint fails to state facts sufficient to constitute a cause of action."  ECF

11  No. 27 at 20.  Asking questions about this defense is necessarily asking about legal theories.  Even

12  if stated as, "what facts are missing," plaintiff is asking for a legal contention.  As another

13  example, the seventeenth affirmative defense is "statute of limitations."  Id. at 22-23.  Since

14  plaintiff already knows all the facts that he (presumably) believes makes his complaint timely, he

15  is in essence, asking for Pride's legal theory about why the statute of limitations applies.  On the

16  other hand, some defenses are fact-based, at least in part.  For example, the 22nd affirmative

17  defense says that plaintiff unreasonably didn't use the employer's harassment complaint

18  procedures.  Id. at 24.  Pride could testify about that, at least in part, without disclosing legal

19  theories.

20  The problem here is that plaintiff does not specify which affirmative defenses – nor what

21  factual matters relating to those defenses – it wants defendant to testify about.  Plaintiff's topic

22  inherently asks about affirmative defenses that are comprised entirely of attorney work product

23  and attorney-client material.  Plaintiff should specify which affirmative defenses it wants to ask

24  about, and what facts he is asking about.  Accordingly, this objection will be sustained, without

25  prejudice to plaintiff specification of the topic(s) more narrowly.

26  ////

27  ////

28  ////

7

III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Pride's motion for a protective order (ECF No. 60) is GRANTED IN PART, and DENIED IN PART, as specified below.  The motion regarding:

1.  Deposition Topics 3, 15 and 26, is DENIED as moot;

2.  Deposition Topics 1, 6, 10 and 11, is DENIED, except that the topics are limited as discussed above at ¶ II(C)(2)(a);

3.  Deposition Topics 12 and 24, and Document Request 4, is DENIED;

4.  Deposition Topics 25 and 41, and Document Request 2, is DENIED, except that the time period is limited to after August 5, 2004, and except that defendant may submit a proposed protective order (complying with the Court's Local Rules, and preferably a stipulated protective order), to limit dissemination of the material and information, no later than one week from the date of this order;[3] and

5.  Deposition Topic 29, is GRANTED, except that plaintiff may renew its request in proper form as discussed above.[4]

DATED: April 8, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3]  If Pride does not timely submit a proposed protective order, the privacy objection is OVERRULED.

[4]  At the hearing, counsel for Pride stated that plaintiff could conduct the Rule 30(b)(6) deposition even if it is scheduled after the cut-off date imposed by the district judge.  The parties are always free to enter into agreements regarding the conduct of discovery outside the deadlines imposed by the court.  However, the undersigned has no authority to enforce any such agreements.