UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAPOLEAN ANDREWS, | No. 2:14-cv-2154 KJM AC |
| Plaintiff, | |
| v. | PROTECTIVE ORDER |
| PRIDE INDUSTRIES, et al., | |
| Defendants. | |

On April 8, 2016, the undersigned granted in part and denied in part defendant Pride Industries' motion for a protective order. ECF No. 64. The order invited defendant to submit a proposed protective order, "preferably a stipulated protective order," to limit the dissemination of produced material and information. Pride has now submitted a proposed protective order. ECF No. 74. However, Pride has not indicated whether plaintiff stipulates to it. Plaintiff has not yet responded to the proposed protective order, which was filed Friday morning, April 15, 2016. Given changes in the court's schedule and the looming deadline for taking the deposition, the undersigned, having reviewed the proposed order, will now issue a modified protective order as set forth below.

ORDER

Defendant PRIDE INDUSTRIES ("Producing Party"), represents that certain documents and deposition testimony, ordered to be produced by this Court in the above-captioned case,

1

1  contain information that is: (a) confidential, sensitive, or potentially invasive of non-parties'
2  individual privacy interests; (b) not generally known; and (c) not normally revealed to the public
3  or third parties or, if disclosed to third parties, would require such third parties to maintain the
4  information in confidence.

5  This confidential material may be contained in documents and testimony produced in
6  response to Pride's Fed. R. Civ. P. 30(b)(6) request for information relating to complaints by
7  other Pride employees, namely, Deposition Topics # 25, 41, and Document Request # 2, covering
8  the period from August 5, 2004 (10 years from Plaintiff ("Receiving Party") Napoleon Andrews's
9  filing date of this above-captioned case), through the deposition date.

10  Accordingly, IT IS HEREBY ORDERED that the documents described herein, as ordered
11  disclosed, may be designated "Confidential" and produced subject to the following:

12  1. The disclosed documents shall be used solely in connection with this civil case, and in
13  preparation and trial of this case, or any related proceeding.

14  2. The Producing Party shall eliminate or redact any and all identifying information in the
15  disclosed documents. The term "identifying" as used in this Protective Order shall include, but is
16  not limited to, any "personal data identifier" or "personal identifier" as used to describe
17  information such as legal names, aliases, employee identification numbers, account numbers,
18  social security numbers, dates of birth, driver's license numbers, and home addresses that identify
19  particular individuals whose employment records may be produced in relation to the Receiving
20  Party's document request No. 2, as referenced above.

21  3. A party producing the documents and materials believed to be confidential as described
22  herein may designate those materials as confidential by affixing a mark labeling them
23  "Confidential," providing that such marking does not obscure or obliterate the content of any
24  record. If any confidential materials cannot be labeled with this marking, those materials shall be
25  placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner
26  agreed upon by the disclosing and requesting parties.

27  4. Documents or material designated under this Protective Order as "Confidential" may
28  only be disclosed to the following persons:

   (a) Parties to the case, their counsel of record, investigators, adjusters, experts, court reporters, and insurance carriers;

   (b) Paralegal, clerical and secretarial personnel regularly employed by counsel referred to in subpart (a) immediately above, including stenographic depositions reporters or videographers retained in connection with this action;

   (c) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

   (d) Any expert, consultant or investigator retained in connection with this action;

   (e) The finder of fact at the time of trial, subject to the Court's ruling on *in limine* motions and objections of counsel; and

   (f) Witnesses during their depositions in this action.

  5. Prior to the disclosure of any "Confidential" information from PRIDE to any person identified in paragraph 3 and its sub-parts, each such recipient of "Confidential" information shall be provided with a copy of this Protective Order, such person shall acknowledge that he or she has read this Protective Order and agrees to abide by its terms. Such person must also consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California for any proceeding seeking to enforce their compliance with this order. Provisions of this Protective Order, insofar as they restrict disclosure and use of material, shall be in effect until further order of this Court.

  6. Prior to producing any documents under this Protective Order, the parties will comply with Local Rule 141.1.

  7. Any party wishing to file any confidential material publicly (for example, in connection with a dispositive motion), must first provide all other parties the opportunity to request that those materials be filed redacted or under seal, pursuant to Local Rules 140, 141 and 141.1(e).

////

8. The designation of documents or information as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the designated document or information.

9. If any document or information designated as confidential pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order.  The court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits and each copy thereof, in accordance with paragraph 5 of this Protective Order.  Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

10. Should any information continued in the documents designated "Confidential" be disclosed through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly inform (a) inform Producing Party's counsel of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

11. No information shall lose its "Confidential" status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.  In addition, any information that is designated "Confidential" and produced by the parties does not lose its "Confidential" status due to any inadvertent or unintentional disclosure.

12. Even after final disposition of this litigation, the confidentiality obligations imposed by the Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice, and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

13. Within 60 days after the final disposition of this action, each Receiving Party must return all protected material to the Producing Party or destroy such material. Notwithstanding this provision, counsel is entitled to retain an archival copy of all Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

14. This Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Protective Order for good cause shown by this Court or any other Court having jurisdiction over an appeal of this action. Upon termination of this litigation, this Protective Order shall continue in force as a private agreement between the parties.

15. During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown and (b) adjudicate any dispute arising under it.

16. The parties ARE ADVISED as follows:

(a) The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. The parties must comply with Local Rule 141 with respect to requests to seal documents, and any contrary provision is disapproved.

(b) Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial- such determinations will only be made by the court at the bearing or trial, or upon an appropriate motion.

(c) With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an *ex parte* basis or on shortened time.

(d) The parties may not modify the terms of this protective order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

5

1       (e)  Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over
2 enforcement of the terms of this protective order after the action is terminated.
3 DATED: April 15, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6