UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAPOLEON ANDREWS, | No. 2:14-cv-02154-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| PRIDE INDUSTRIES, et al., | |
| Defendants. | |

On September 30, 2016, this court granted in part and denied in part defendants' motion for summary judgment. This matter is before the court on plaintiff's and defendants' motions for reconsideration. Both parties also request a certificate of appealability. The matters were submitted after a hearing on December 2, 2016, at which Andrea Rosa appeared for plaintiff and David Daniels appeared for defendants. As explained below, the court GRANTS IN PART defendants' motion for reconsideration, and DENIES plaintiff's motion for reconsideration. Additionally, the court declines to issue a certificate of appealability to either party.

/////
/////
/////
/////

1

I.  BACKGROUND

    A.  Federal Enclave Doctrine Issue

        1.  Motion to Dismiss

In a motion to dismiss, defendants contended the federal enclave doctrine barred Mr. Andrews' state law claims because the issues giving rise to his suit occurred on Travis Air Force Base (Travis AFB). Defs.' Mot. Dismiss at 5–7, ECF No. 6. In this court's order on defendants' motion, the court accepted that the land officially designated as Travis AFB qualified for federal enclave status. Order on Mot. Dismiss at 7, ECF No. 18. The court, however, did not conclude the federal enclave doctrine precluded Mr. Andrews' state law claims because the record did not make clear whether the events giving rise to the claims occurred on Travis AFB land. *Id.* In particular, the court found, "[w]hile some tracts of land at or around Travis may be subject to exclusive federal jurisdiction, some may not be." *Id.* (citing *Paul v. United States*, 371 U.S. 245, 269 (1963) (because Travis AFB had numerous units acquired at various times, it was not clear whether land at issue was subject to exclusive federal jurisdiction) (internal citations omitted). The court concluded it lacked sufficient facts to "determine whether the events underlying this action occurred on a federal enclave so as to the support the exercise of jurisdiction." *Id.* at 8.

The court thus also concluded defendants had not met their burden of establishing the events underlying this case occurred on federal enclave land. *Id.* Defendants' motion to dismiss was denied, and the court granted plaintiff's request for jurisdictional discovery "limited to determining where exactly at or around Travis the events underlying this action occurred and whether those locations are areas over which the United States has exclusive jurisdiction." *Id.* at 9.

        2.  Motion for Summary Judgment

In their motion for summary judgment, defendants again argued the federal enclave doctrine barred Mr. Andrews' state law claims because the events giving rise to this suit occurred on Travis AFB. Defs.' Mot. Summ. J. at 26, ECF No. 66. In support of their motion, defendants presented in a table format the following purportedly undisputed facts, which Mr.

2

Andrews did not dispute: (1) PRIDE is a federal contractor that performs contracted service on Travis Air Force Base and (2) Plaintiff worked for PRIDE at Travis Air Force Base. Defs.' UMF Nos. 1, 2, ECF No. 80-5. In the table, in fact, plaintiff's counsel apparently entered the word "Admit" next to these facts. *Id.* Based on this portion of the record, defendants contended the federal enclave doctrine barred Mr. Andrews' state law claims. Defs.' Mot. Summ. J. at 26. Mr. Andrews argued the federal enclave doctrine did not apply because "questions remain about whether [Travis AFB] is all on federal lands." Pl.'s Opp'n at 16, ECF No. 80.

In its order resolving defendants' summary judgment motion, the court concluded the doctrine did not apply because "the events in question occurred at David Grant Medical Center, a later-acquired tract either on or near Travis AFB, [and the court] could not say at that point whether defendants' alleged conduct took place on a federal enclave." Order Mot. Summ. J. (MSJ Order) at 12, ECF No. 95. The court noted even after the parties had an opportunity to engage in full discovery, neither party presented evidence showing conclusively that events giving rise to Mr. Andrews' case occurred on federal enclave land. *Id.* at 12. In the absence of such evidence, the court concluded it could not grant summary judgment to the defense. *Id.*

B.  Disability Discrimination Issue

Also in its order resolving defendants' motion, the court concluded Mr. Andrews' FEHA disability discrimination claims for failure to accommodate and failure to engage in the interactive process were barred by FEHA's one-year statute of limitations. MSJ Order at 13. Accordingly, the court did not consider whether Mr. Andrews' claims for disability discrimination could support his claim for wrongful termination in violation of public policy. *See id.* at 24.

II.   LEGAL STANDARDS

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement

3

with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision. *United States v. Westlands Water Dist.*, 134 F. Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987); *see also* E.D. Cal. L.R. 230(j) (when filing a motion for reconsideration, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion.").

Where there is an error in the underlying order, only a failure to correct "clear error" constitutes an abuse of discretion. *See McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable). "Clear error" occurs when "the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). The Ninth Circuit has held it is not an abuse of discretion to deny a motion for reconsideration merely because the underlying order is "erroneous," rather than "clearly erroneous." *McDowell*, 197 F.3d at 1255 n.4.

III.     DISCUSSION

   A.     Defendants' Request for Reconsideration

Here, defendants request the court grant its motion, contending: (1) there are errors of fact upon which the summary judgment order is based, and (2) because the undisputed material facts establish the events underlying the suit occurred on a federal enclave, the federal enclave doctrine applies, and any state law claims are barred. Defs.' Mot. Recons. at 5–6, ECF No. 97. In particular, defendants contend no evidence in the record supported the conclusion the events giving rise to Mr. Andrews' claims occurred at David Grant Medical Center. *Id.* at 4.

Defendants' motion is GRANTED to the extent the court will issue an amended order correcting its factual error. The court's order on summary judgment did mistakenly state the events giving rise to Mr. Andrews' claims took place at David Grant Medical Center. Instead, the court should have noted that nothing in the record clarified whether the events giving rise to Mr. Andrews' claims occurred on a federal enclave.

The court concludes it did not otherwise commit "clear error" in resolving defendants' motion for summary judgment. *See McDowell*, 197 F.3d at 1256. Defendants have submitted no real evidence establishing one way or another where the events underlying this suit occurred, and accordingly, whether such events occurred on federal enclave land. At hearing, defense counsel conceded that his position was based solely on plaintiff's counsel recordation of the word "Admit" in response to defendants' first two undisputed facts. Given the totality of the record, the court is not prepared to resolve a critical legal question based on this bare appearance of an admission. Accordingly, the record supports the court's prior conclusion that the federal enclave question is unresolved. Defendants' motion in this respect is DENIED.

B.  Defendants' Request for Certificate of Appealability

At hearing, defendants agreed to a one-day bench proceeding to determine whether the claims giving rise to this suit occurred on a federal enclave, and the court confirmed a bench trial would be held. ECF No. 108. Accordingly, at this stage of the proceeding, there is no "substantial ground for difference of opinion." Defendants' request for a certificate of appealability is DENIED. *See In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981) (to certify an appeal, the court must find "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation.").

C.  Plaintiff's Request for Reconsideration

As recounted above, the court previously granted PRIDE's motion for summary judgment on Mr. Andrews' disability discrimination claims based on failure to accommodate and failure to engage in the interactive process as time-barred. MSJ Order at 14–15. Accordingly, the court declined to consider whether Mr. Andrews' disability discrimination claims could give rise

to his wrongful termination in violation of public policy claim. *Id.* at 24. Mr. Andrews asks this court to reconsider this decision, contending his time-barred FEHA disability discrimination claims could give rise to his wrongful termination claim. Pl.'s Mot. Recons. at 4, ECF No. 101.

Mr. Andrews has not presented newly discovered evidence, shown clear legal error, or shown an intervening change in state law. His counsel cites no case law establishing that a wrongful termination claim can be based on time-barred FEHA claims, and the court finds none. In light of the Ninth Circuit case of *Department of Fair Employment & Housing v. Lucent Techs., Inc.*, 642 F.3d 728, 748 (9th Cir. 2011), the court concludes Mr. Andrews cannot raise a wrongful termination claim based on already dismissed disability discrimination claims. In *Lucent Techs*, the Ninth Circuit concluded although "disability discrimination can form the basis of a common law wrongful discharge claim," the plaintiff could not prevail on a wrongful termination claim based on a dismissed FEHA disability discrimination claim. *Id.*

Reconsideration is not warranted here and is therefore DENIED.

D. Plaintiff's Request for Certificate of Appealability

The court declines to issue a certificate of appealability here as well because Mr. Andrews merely disagrees with the court's order, and has not shown there is substantial ground for difference of opinion on the issue of whether a wrongful termination of public policy claim can be based on time-barred FEHA disability claims.

IV. CONCLUSION

In sum, defendants' motion for reconsideration is GRANTED to the extent the court will correct a factual finding in its order on summary judgment. Defendants' motion is otherwise DENIED. Plaintiff's motion for reconsideration is DENIED.

The bench trial on federal enclave status will take place on **March 17, 2017**, with a joint statement due by March 3, 2017.

This order resolves ECF Nos. 97 & 100.

IT IS SO ORDERED.

DATED: January 10, 2017.

_____
UNITED STATES DISTRICT JUDGE

6