UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAPOLEAN ANDREWS<br><br>Plaintiff<br><br>v.<br><br>PRIDE INDUSTRIES, et al.,<br><br>Defendants | No. No. 2:14-cv-02154-KJM-AC<br><br><br><br>ORDER |

This matter is before the court on a motion to withdraw by Andrea Rosa, counsel for plaintiff Napolean Andrews. Mot., ECF No. 147, at 1. Defendants have not opposed. For the following reasons, the court DENIES the motion to withdraw without prejudice.

I. <u>LEGAL STANDARD</u>

If withdrawal would leave a client *in propria persona*, Local Rule 182(d) requires the withdrawing person to seek leave of court, file a formal motion, and provide notice of the withdrawal to the client and all other parties who have appeared. The attorney must also provide an affidavit stating the current or last known address of the client and the efforts made to notify the client of the motion to withdraw. L.R. 182(d). California Rule of Professional Conduct 3-700(A)(2) also requires an attorney to "take[ ] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) [regarding release of a client's

1

papers and property and return of unearned fees], and complying with applicable laws and rules." The Rules permit withdrawal if the client's "conduct renders it unreasonably difficult for the member to carry out the employment effectively[.]" Cal. R. Prof. Conduct 3-700(C)(1)(d).

The decision to grant or deny a motion to withdraw is within the court's discretion. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-01184, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011) (citation omitted). In addition to policing compliance with the applicable rules, courts consider whether there is good cause for withdrawal. *Johnson v. California Dep't of Corr. & Rehabs.*, No. 1:09-CV-00502-OWW-SMS, 2009 WL 2447705, at *1 (E.D. Cal. Aug. 7, 2009). Courts also consider several other factors, including possible prejudice to the client and other litigants, harm to the administration of justice, and possible delay. *Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010) (citation omitted).

II. <u>DISCUSSION</u>

The court first assesses whether good cause exists for Ms. Rosa to withdraw. A breakdown in communications between client and attorney may constitute good cause for withdrawal. *China Cent. Television v. Create New Tech. HK Ltd.*, No. CV 15-01869 MMM (AJWx), 2015 WL 12826457, at *2 (C.D. Cal. June 25, 2015) (citation omitted). Without disclosing attorney-client privileged information, counsel is required to provide an adequate factual basis to establish grounds for withdrawal, which may include a general explanation of what the client has done or examples of communication failures. *See BSD, Inc. v. Equilon Enters., LLC*, No. C 10–5223 SBA, 2013 WL 942578, at *3 (N.D. Cal. Mar.11, 2013); *see also Stewart v. Boeing Co.*, No. CV 12-05621 RSWL AGR, 2013 WL 1870766, at *1 (C.D. Cal. May 2, 2013).

For purposes of a motion to withdraw, ceased communications between client and counsel may constitute a breakdown in communication. *Hershey v. Berkeley*, No. EDCV 07–689VAP(JCRX), 2008 WL 4723610, at *1–2 (C.D. Cal. Oct. 24, 2008) (granting motion to withdraw because withdrawing attorneys showed client had "ceased all communications" with them and refused to respond to telephone calls, emails and letters). By contrast, it is not sufficient

2

for the attorney to show only that her client refused to respond to or follow some requests. *Finazzo v. Hawaiian* Airlines, No. CIV. 05-00524 JMSLEK, 2007 WL 1201694, at *3 (D. Haw. Apr. 23, 2007), *aff'd*, No. CV 05-00524 JMS-LEK, 2007 WL 9711011 (D. Haw. May 15, 2007). A difference in opinion regarding legal strategy, by itself, typically does not rise to the level of a breakdown in communication. *See Dukowitz v. Wengler*, No. C08-5142BHS, 2008 WL 5378307, at *14 (W.D. Wash. Dec. 23, 2008) (citation omitted).

Here, good cause does not exist to grant withdrawal in light of the current record, because counsel does not provide an adequate factual basis to establish a breakdown of communication. Counsel states her client "has refused to cooperate with counsel in various matters and has cut off contact with counsel." Mot. at 3; *see also* Rosa Decl., ECF No. 147 ("Rosa Decl.") at 4–5. But counsel's affidavit does not provide any meaningful detail or evidence to show whether the lapse in communication rises to the level of a sufficient breakdown in communication to warrant withdrawal. Ms. Rosa's declaration only says, vaguely, she has made "several efforts" to reach her client and that she left him one voice mail message one day before filing her motion to withdraw. Rosa Decl. ¶¶ 6–9. While the court received documents from Ms. Rosa *in camera*, those documents were not accompanied by a request to seal under Local Rule 141. The court cannot rely on the submitted materials, which are an *ex parte* communication, given the manner of their presentation. *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2015 WL 3863249, at *3 (N.D. Cal. June 19, 2015) (noting magistrate judge found brief regarding privilege submitted *in camera* was improper *ex parte* communication)

The court notes that plaintiff, instead of plaintiff's counsel, filed a letter with the court himself, but the court has disregarded the letter given that plaintiff is still represented. *See* ECF No. 146; Min. Order, ECF No. 149. Even if the court were to take notice of the letter's comments for the limited purpose of evaluation Ms. Rosa's pending motion, the letter does not establish a breakdown in communication.

/////

/////

/////

3

Accordingly, without good cause, the court DENIES plaintiff counsel's motion to withdraw, without prejudice to renewal if the motion can be renewed to cure the omissions noted by this order.

IT IS SO ORDERED.

DATED: June 18, 2019.

_____
UNITED STATES DISTRICT JUDGE