# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| NAPOLEON ANDREWS, | No. 2:14-cv-02154 KJM AC |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| PRIDE INDUSTRIES, et al., | |
| Defendants. | |

Plaintiff, Napoleon Andrews, filed this suit against his supervisor, Jean Zurbuchen and former employer, PRIDE Industries, Inc, a non-profit that employs individuals with disabilities. Plaintiff has alleged several employment-related claims, including racial and disability discrimination, retaliation, harassment, and wrongful termination. *See generally* Second Am. Compl., ECF No. 25. Defendants moved for summary judgment, arguing, *inter alia*, the court does not have jurisdiction over plaintiff's state law claims because they are based on events that occurred on Travis Air Force Base, a federal enclave not subject to state regulation. *See* Mot. for Summary J., ECF No. 65. In its ruling on the motion, the court found that neither party had submitted sufficient evidence to determine whether the events giving rise to plaintiff's claims occurred within a federal enclave and ordered an evidentiary hearing to resolve the issue. Order, ECF No. 110 at 12.

The evidentiary hearing was referred to a United States Magistrate Judge as provided by Local Rules 302(a) and 303(a) for the evidentiary hearing and findings on this threshold jurisdictional question. ECF No. 118. On November 22, 2017, the magistrate judge filed findings of fact, which were served on all parties and which contained notice to all parties that any objections to the findings of fact were to be filed within fourteen days. ECF No. 141. Both parties filed objections to the findings of fact, ECF Nos. 142, 143. Plaintiff responded to defendants' objections, ECF No. 145, and defendants responded to plaintiff's objections, ECF No. 144.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the record, the court finds only one objection warrants substantive discussion, namely defendants' objection to Finding of Fact No. 38, as explained below.

Finding of Fact No. 38

The magistrate judge's proposed Finding of Fact No. 38 is as follows:

> 38. The February 16, 2012 meeting between plaintiff and his supervisors took place in the Sierra Dining Hall (Transcript at 165:19-166:1), which is in Section 13, in a proprietorial[1] jurisdiction area.

Findings of Fact ("Findings"), ECF No. 141 at 13–14. Defendants object to this factual finding as not supported by the evidence admitted at the evidentiary hearing. *See* Defs.' Objs., ECF No. 142, at 3. Specifically, defendants contend that plaintiff's testimony in support of fact number 38 is unreliable, because, for five years prior to the hearing, plaintiff "consistently stated" that the February 16, 2012 meeting took place at the Food Services Building, only changing the location to the Sierra Dining Hall in his testimony at the evidentiary hearing. *Id*. Furthermore, plaintiff's supervisor Mike Buchanan testified at the hearing that the Food Services Building was in a

---

[1] The magistrate judge further explains: "Where the United States has proprietorial jurisdiction, it has none of the state's legislative jurisdiction. California retains all of it. In such cases the United States has proprietorial rights to use of the land, but the state has exclusive legislative jurisdiction. Findings at ¶ 2d (citing Tr. at 51:3–7; 53:17–22).

2

different location, one that reflects "partial legislative jurisdiction,"[2] rather than proprietorial jurisdiction. *Id*. Plaintiff argues his testimony at the evidentiary hearing, that the meeting took place in the Sierra Dining Hall is reliable, and no evidence introduced at the hearing contradicts it. Pl.'s Response, ECF No. 145, at 2.

At hearing, plaintiff was cross-examined by defense counsel and offered the following testimony concerning the location of the February 16, 2012 meeting:

> Q. According to your letter to the EDD, on February 16th you were approached by an HR representative from the base, Andre Anthony, while you were spraying weed poison; isn't that correct?
>
> A. I knew him as disability counselor. That's all I knew about Andre Anthony during that time that I worked there.
>
> Q. But on this day he approached you while you were out in the field spraying weed -- RoundUp around the recreation center; isn't that accurate?
>
> A. He scared me and -- like I said in this thing. And I realized that he was there because he was in my spraying area, zone.
>
> Q. When you were spraying and when he approached you, it was at the recreation center on Travis Air Force Base, correct?
>
> A. Correct.
>
> Q. And later on that day you met Mike Buchanan, Christie Pyle and Jean Zurbuchen while they were at the food center; isn't that accurate?
>
> A. That's correct because I was -- I was ill, and I was trying to get off work –

/////

/////

/////

---

[2] "Where a state cedes 'partial legislative jurisdiction,' the United State has all jurisdiction except that specifically reserved by the state." Finding of Fact 2b (citing Tr. at 51:21-52:5).

3

| | |
|---|---|
| 1 | Q. All right. |
| 2 | |
| 3 | A. -- and I met them there. And that was in the area of the Sierra Dining Hall, which is outside the hashtags[3]. |

Tr., ECF No. 132, at 18:13–19:11. At this point, defense counsel objected only to the use of the term "hashtags." *Id*. at 19:12-13. The court responded to the objection as follows:

> THE COURT: We'll see whether that gets connected up later. He's answered the question in the affirmative that it was at the food services building, more specifically in the area of the Sierra Dining Hall.[4]

*Id*. at 19:14-17. Subsequently, on redirect examination by his own lawyer, plaintiff testified that the February 16, 2012 meeting "happened at the Sierra Dining Hall," and he marked the location of the dining hall on a map marked as plaintiff's Exhibit 1.[5] *Id*. at 164:16-166:5. On recross, plaintiff testified that the February 16, 2012 event started at the outdoor recreation building and

/////

---

[3] "Hashtags" here presumably refers to the hachure marks (diagonal lines) used at the hearing to indicate an area on the map that is under "partial federal jurisdiction." *See* Tr. 72:22–73:25.

[4] The magistrate judge's comment at this point appears to equate the location of the "food services building" with that of the Sierra Dining Hall. Neither party objected or attempted to clarify the matter for the judge at the time, nor do defendants raise the issue in their objection. The issue appears to have been clarified during the remainder of the hearing, in a manner consistent with the magistrate judge's ultimate findings. *See* Defs.' Objs. at 3 (explaining that witness Mr. Buchanan testified as to the whereabouts of the "Food Services Building (as distinct from Sierra Dining Hall)" and that "[t]here is no dispute that Mr. Buchanan accurately identified the location of what is known as the Food Services Building"); Tr. at 93:11–16 (Buchanan testifying he knows where the Food Services Building is and being asked to mark it as location 6); Tr. 165:25–166:5 (Andrews testifying Sierra Dining Hall is "outside of the hash marks" and marking it on the map as number 30).

[5] While the magistrate judge and the parties reference plaintiff's Exhibit 1 and defendants' Exhibit A, A-1, and A-2, which were both marked up by witnesses at the trial. This court has not been able to locate Exhibits 1/Exhibit A or A-1. However, the court does have a map matching the description of Exhibit 1/Exhibit A, which is marked as Plaintiff's Exhibit Frey 3, as well as two overlays matching the descriptions of Exhibits A-1 and A-2, marked as A-2 and A-3. After reviewing the findings of fact, the aforementioned exhibits, the objections, the responses and the transcript of the evidentiary hearing, the court concludes that, to the extent any exhibits are missing rather than just mislabeled, they are not required for the court's conduct of its *de novo* review here.

"continued, . . . , outside the hashtag marks at the Sierra Dining Hall." *Id.* at 171:5-12; *see also id.* at 174:3-22.

At hearing, defendants offered Exhibit F, a letter dated June 7, 2012, written by plaintiff to an Employment Development Division (EDD) office in Stockton, California. In that letter, plaintiff wrote that on February 16, 2012, he met with Mike Buchanan, Christi Pyle and Jean Zurbuchen at the "Food Services Building," and that he was driven there by a crew worker, because he was "feeling dizzy, nervous and nauseated." Defs.' Ex. F at 2[6]. In their objection to Factual Finding No. 38, defendants cite this letter as evidence that plaintiff was being untruthful at the hearing when he said the location of the meeting was "at the Sierra Dining Hall." *See* Defs.' Objs. at 3 ("In the five (5) years preceding the subject evidentiary hearing, Plaintiff consistently stated that the subject meeting with his supervisors took place at the food Services Building." (citing Defs.' Ex. F at 1)). However, throughout the hearing, plaintiff consistently testified that the meeting took place at the Sierra Dining Hall, and defendants do not impeach him as to this assertion using the statement in Exhibit F. *See* Tr. at 18:12–19:13 (plaintiff, on direct examination by counsel for defendants, testifying meeting was at "Sierra Dining Hall"), 165:19–166:1 (plaintiff, on redirect by plaintiff's counsel, testifying to same), 171:5–12 (plaintiff, on recross, testifying to same). When defense counsel examined plaintiff at the hearing, he asked about the letter, but did not mention the reference to the "Food Services Building" or probe any discrepancy in that part of plaintiff's story. Tr. at 18:12–19:13 ("Q. And later on that day you met Mike Buchanan, Christie Pyle and Jean Zurbuchen while they were at the food center; isn't that accurate? A. That's correct . . . I met them there. And that was in the area of the Sierra Dining Hall . . . ."). Plaintiff answered defense counsel's questions about the meeting at least twice, and both times, plaintiff answered that it took place in the "Sierra Dining Hall." *See* Tr. at 18:12–19:13; Tr. at 171:5–12; *see also* Tr. at 174:13–22 (plaintiff testifying the encounter with Andre Anthony took place at the "rec center" and then continued "outside the rec center, outside the hash marks" where he met his supervisors). Again, defense counsel never raised plaintiff's

---

[6] The parties' exhibits from the evidentiary hearing were retained by the court for the purpose of this order but were not filed publicly.

5

potentially contradictory statement in Exhibit F in response to these answers. *Id.* Defendants cannot *ex post facto* attempt to impeach plaintiff's credibility through their objection, having not done so at the evidentiary hearing. *See In re Nat'l W. Life Ins. Deferred Annuities Litig.*, No. 05-CV-1018 JLS WVG, 2011 WL 3438186, at *2 (S.D. Cal. Jan. 19, 2011) (noting arguments not raised before the magistrate judge are generally waived) (citing *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000) ("[A]rguments not made before a magistrate judge are normally waived.")).

Presented with the record made at the hearing, the magistrate judge concluded that plaintiff's testimony was credible, and cited it in her factual finding that the meeting took place at Sierra Dining Hall. Findings at 13–14. "When dealing with issues of credibility, the district court should rarely reject the magistrate judge's determination because 'to do so without seeing and hearing the witness or witnesses whose credibility is in question could well give rise to serious questions.'" *Pakes v. Yates*, No. C-04-5294 VRW, 2007 WL 1655574, at *2 (N.D. Cal. June 7, 2007) (quoting *United States v. Raddatz*, 447 U.S. 667, 681 (1980)). The court finds no reason to reject the magistrate judge's credibility determination here, after a careful review of the transcript memorializing the testimony and other evidence offered at the hearing. The court overrules defendant's objection to Finding of Fact No. 38.

<u>Remaining Objections</u>

As to the parties' remaining objections, the court has reviewed the record closely and finds the objected-to findings of fact are supported by the evidence, with one clarification explained below. Defendants' objections to Finding of Fact Nos. 21 and 40 challenge the magistrate judge's reliance on plaintiff's testimony. *See* Defs.' Objs. at 2–5. For the reasons stated above, the court finds no reason to revisit the magistrate judge's finding as to plaintiff's credibility, and thereby overrules the two objections. Defendants' objection to Finding of Fact No. 58 is also overruled, because the evidence cited by the magistrate judge supports a finding that "Plaintiff received a termination letter from Donna Walters at PRIDE headquarters . . . ." Defs.' Objs. at 5; *see* Tr. at 105:15–21 (plaintiff testifying he met with Donna Walters, PRIDE's vice president of human resources, at PRIDE headquarters); Tr. at 108:5–23 (plaintiff testifying

he received a letter from Donna Walters at his home, informing him of his termination). Defendants' objection to this finding of fact is sustained to the extent it still must be clarified to the extent necessary, at trial, that Donna Walters was "at" PRIDE headquarters, in the sense that she was employed there, and plaintiff received the letter at home. *Id.* at 108:5–23 ("Q: When did you find out that you had been terminated? A: I found that at home. It was after Thanksgiving when the letter that she said that was going to be prepared and sent to me. . . . . Q: So you received your termination letter at your home, correct? A: Correct.").

Plaintiff's three objections also are overruled. Plaintiff's objection to Finding of Fact No. 2B is, as he admits, "a matter of semantics," and the judge's finding is supported by the expert testimony plaintiff cites. *See* Pl.'s Objs. at 2 (citing Tr. at 51:21–52:5). Plaintiff also objects to Finding of Fact No. 52, arguing the finding should include every location where plaintiff would have communicated to staff in Spanish but could not due to Ms. Zurbuchen's instructions. *Id.* The court finds it unnecessary to expand the magistrate judge's finding of fact in this respect. Finally, plaintiff's objection to Finding of Fact No. 54, in which plaintiff argues the finding should include additional facts about PRIDE's licensing requirements, is unrelated to the substance of the finding, which covers plaintiff's communications regarding his workers' compensation claim.

Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that the findings and recommendations filed November 22, 2017, are adopted in full.[7]

DATED: June 19, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

[7] The court notes one apparent typographical error in the findings and recommendations at page 3, footnote 4, where the "*Id.*" citation should be corrected to "*Id.* at 268."